ORDER ON APPELLANT’S MOTION FOR REVIEW

WEBSTER, J.
By petition for writ of mandamus, Leo J. Cox argued in the Circuit Court for Leon County that a 1993 amendment to section 944.275, Florida Statutes, which precluded him from receiving basic gain time, was unconstitutional. If successful, Cox would have been entitled to more than five years of additional gain time. The petition was denied and Cox has appealed to this court.
The circuit court issued an order which found Cox to be indigent for the appeal in accordance with section 57.085, Florida Statutes, and imposed a lien on his inmate trust account to recover the applicable filing fees. Cox moves for review of that order pursuant to Florida Rule of Appellate Procedure 9.430(a) and argues that his circuit court petition was a “collateral criminal” proceeding as described in Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). He contends that his indigency should therefore be resolved under section 57.081, Florida Statutes, which does not contain a lien provision. See Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005). Appellee opposes the motion and argues that the holding in Schmidt should be limited to its facts, where the appealing party *46 has challenged the forfeiture of gain time by corrections officials.
Appellee’s argument is not without appeal. We cannot, however, accept it in light of the reasoning of the court in Schmidt. There, the court said “it is apparent that an action affecting gain time does in fact affect the computation of a criminal defendant’s sentence, because the length of time the inmate will actually spend in prison is directly affected.” 878 So.2d at 366. Further, the court stated:
It is clear that the [United States] Supreme Court has refused to be bound by the variations in terminology used in the various challenges to the computation of an inmate’s sentence. Instead, it has looked to the effect the challenged action had on the amount of time an inmate has to actually spend in prison. We think we should do the same; thus, we conclude that a gain time challenge is analogous to a collateral challenge to a sentence in a criminal proceeding because the end result is the same — the inmate’s time in prison is directly affected.
Id. at 367. Here, if appellant’s claim is successful the result would be that his time in prison would be “directly affected,” i.e., significantly reduced. We are, therefore, constrained to conclude that this proceeding is a “collateral criminal” one as defined by our supreme court in Schmidt. Accordingly, we grant appellant’s motion for review and reverse the trial court’s order to the extent it imposes a lien on his inmate trust account to recover applicable filing fees. However, because we share many of the dissent’s concerns regarding what we perceive to be the logical impliea-tions of Schmidt in cases such as this, we certify to the supreme court the following question, which we believe to be of great public importance:
DOES THE HOLDING IN SCHMIDT V. CRUSOE, 878 So.2d 361 (Fla.2003), EXTEND TO ALL ACTIONS, REGARDLESS OF THEIR NATURE, IN WHICH, IF SUCCESSFUL, THE COMPLAINING PARTY’S CLAIM WOULD DIRECTLY AFFECT HIS OR HER TIME IN PRISON, SO TO PRECLUDE IMPOSITION OF A LIEN ON THE INMATE’S TRUST ACCOUNT TO RECOVER APPLICABLE FILING FEES?
MOTION FOR REVIEW GRANTED; ORDER REVERSED; and QUESTION CERTIFIED.
LEWIS, J., concurs; HAWKES, J., dissents with written opinion.