PER CURIAM.
The appellant challenges the denial of his petition for writ of mandamus and the trial court’s denial of his motion to remove a lien imposed upon his inmate account for court costs relating to the petition. In accordance with our decisions in Hull v. Moore, 790 So.2d 560 (Fla. 1st DCA 2001), and Singletary v. Jones, 681 So.2d 836 (Fla. 1st DCA 1996), we affirm the denial of the petition. But because the trial court incorrectly concluded that the petition for writ of mandamus did not constitute a collateral criminal proceeding, we reverse the order by which the trial court denied the motion to remove the lien. See Cox v. Crosby, 31 Fla. L. Weekly D310, — So.2d -, 2006 WL 176681 (Fla. 1st DCA Jan.26, 2006), rev. granted sub nom. McDonough v. Cox, No. SC06-301, 924 So.2d 809 (Fla.2006). Accordingly, the denial of the petition for writ of mandamus is affirmed, the denial of the motion for removal of the lien is reversed, and this case is remanded with directions that the trial court remove the lien or direct the reimbursement of any funds that have been withdrawn from the appellant’s account to satisfy the lien. We again certify the question that we certified in Cox:
DOES THE HOLDING IN SCHMIDT V. CRUSOE, 878 So.2d 361 (Fla.2003), EXTEND TO ALL ACTIONS, REGARDLESS OF THEIR NATURE, IN WHICH, IF SUCCESSFUL, THE COMPLAINING PARTY’S CLAIM WOULD DIRECTLY AFFECT HIS OR HER TIME IN PRISON, SO TO PRECLUDE IMPOSITION OF A LIEN ON THE INMATE’S TRUST ACCOUNT TO RECOVER APPLICABLE FILING FEES?
ALLEN, PADOVANO and BROWNING, JJ„ concur. ■