HAWKES, J.
 

 Sabir Abdul-Haqq Yasir (Petitioner), an inmate in the custody of the Department of Corrections (DOC), raises two issues in this petition for a writ of certiorari. The first issue challenges the order denying his petition for a writ of mandamus. The second issue challenges the order placing a lien on his inmate trust account to recover the filing fee for the mandamus petition. We deny certiorari review on the first issue without discussion and grant review of the second.
 

 Petitioner was assigned to “inside grounds” as his work assignment for the last three days of June 2004. This was his only work assignment that month, because he was in disciplinary confinement the previous part of the month. DOC rated Petitioner
 
 satisfactory
 
 on his June performance evaluation and consequently awarded him 10 days of incentive gain-time.
 

 Discontented with his
 
 satisfactory
 
 rating and 10-day gain-time award, Petitioner argued to DOC that he should have been given an
 
 above-satisfactory
 
 rating and awarded
 
 at least
 
 two more days of gain-time. As he exhausted his administrative remedies, he was repeatedly told he was not entitled to an
 
 above-satisfactory
 
 rating. Still not content, Petitioner filed a petition for a writ of mandamus making the same argument to the circuit court. The circuit court properly denied the petition.
 

 To recover the cost of Petitioner’s filing fee for his mandamus petition, the circuit court issued an order placing a lien on Petitioner’s inmate trust account pursuant
 
 *61
 
 to section 57.085, Florida Statutes (2004). Petitioner filed a motion arguing his petition was exempt from the lien, because it qualified as a “collateral criminal proceeding” under the logic of
 
 Schmidt v. Crusoe,
 
 878 So.2d 361 (Fla.2008) (holding cases “where a prisoner challenges the loss of gain-time, are collateral criminal proceedings and exempt from section 57.085”). The circuit court denied the motion finding Petitioner’s claim was not a “collateral criminal proceeding.” The court observed, unlike the claim in
 
 Schmidt,
 
 which challenged DOC’s forfeiture of already-earned gain-time, Petitioner’s claim was merely challenging DOC’s failure to award unearned, incentive gain-time.
 

 Section 57.085 enables the trial court to place a lien on an inmate’s trust account for civil filing fees. However, the statute does not apply to “collateral criminal proceedings.”
 
 See
 
 § 57.085(10), Fla. Stat. In
 
 Schmidt,
 
 the Florida Supreme Court defined a “collateral criminal proceeding” as including any action that results in an inmate’s prison time being “directly affected.” 878 So.2d at 366.
 

 Despite the overwhelming lack of merit to Petitioner’s argument in his mandamus petition, if he had been successful in challenging DOC’s failure to award him an
 
 above-satisfactory
 
 performance rating for June 2004, he would have been eligible to receive up to six more days of incentive gain-time. Since it was technically possible that his sentence could have been shortened and thus “directly affected,” we are compelled to conclude Petitioner’s mandamus petition was a “collateral criminal proceeding” pursuant to
 
 Schmidt. See Cox v. Crosby,
 
 27 So.2d 45 (Fla. 1st DCA 2006) (holding an inmate’s challenge of the constitutionality of the statute precluding him from receiving basic gain-time was a “collateral criminal proceeding,” and thus exempt from the section 57.085 filing fee lien).
 

 Accordingly, we DENY Petitioner’s petition for a writ of certiorari in part (without discussion), GRANT it in part, and QUASH the order imposing a lien on Petitioner’s inmate trust account. Because of what we perceive to be the logical implications of
 
 Schmidt
 
 as illustrated by cases such as this, we certify the following question to the Florida Supreme Court, as we did in
 
 Cox,
 
 which we believe to be of great public importance:
 

 DOES THE HOLDING IN
 
 SCHMIDT V. CRUSOE,
 
 878 So.2d 361 (Fla.2003), EXTEND TO ALL ACTIONS, REGARDLESS OF THEIR NATURE, IN WHICH, IF SUCCESSFUL, THE COMPLAINING PARTY’S CLAIM WOULD DIRECTLY AFFECT HIS OR HER TIME IN PRISON, SO TO PRECLUDE IMPOSITION OF A LIEN ON THE INMATE’S TRUST ACCOUNT TO RECOVER APPLICABLE FILING FEES?
 

 ERVIN and PADOVANO, JJ., concur.