PER CURIAM.
This is an appeal from the circuit court’s dismissal of Appellant’s petition for writ of mandamus in which Appellant sought to reinstate his lost gain time. We deny on the merits Appellant’s petition for reinstatement of his gain time, but we must reverse the circuit court’s order imposing a lien on Appellant’s prison account based on the holding in Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). Under Schmidt, the circuit court erred when it ordered Appellant to pay filing fees and imposed a lien on his prison account. See Cason v. Crosby, 892 So.2d 536, 537-38 (Fla. 1st DCA 2005).
We write only to address the impact of Schmidt on cases such as this. In Schmidt, the supreme court held that any action which could conceivably reduce a litigant’s prison time, should the prisoner litigant prevail, is a collateral criminal proceeding; thus, the litigant is exempt from the filing fee requirement and lien provisions contained in section 57.085, Florida Statutes (2001).
After Appellant violated his parole, the Department of Corrections forfeited Appellant’s gain time pursuant to section 944.28(1), Florida Statutes (2001), which authorizes gain time forfeiture for parole revocation, without notice or hearing. Despite the clear authority of the Department, Appellant filed this action below, alleging that the Department was without the authority to forfeit his previously earned gain time. Gain time is a matter of grace that an inmate does not have a vested right to receive without a legislative enactment. See Waldrup v. Dugger, 562 So.2d 687, 694-95 (Fla.1990). Appellant’s argument is completely without merit as a matter of law and, in fact, is frivolous. Had Appellant made an argument such as this in a civil case, he could have been sanctioned under section 57.105, Florida Statutes (1999):
Specifically, the 1999 version [of section 57.105] authorizes an award of attorney’s fees “on any claim or defense at any time during a civil proceeding or action,” if the claim “was not supported by the material facts necessary to establish the claim,” or “would not be supported by the application of then-existing law to those material facts.” ... Significantly, the 1999 version of section 57.105, “applies to any claim or defense, and does not require that the entire action be frivolous.”
*64 Albritton v. Ferrera, 913 So.2d 5, 8 (Fla. 1st DCA 2005) (citations and footnote omitted).
Before the enactment of section 57.085, Florida Statutes (2001), challenges to prisoner disciplinary actions were treated as civil petitions, not collateral criminal proceedings. Because Appellant’s petition is now considered a collateral criminal proceeding under Schmidt, Appellant cannot be sanctioned under section 57.105 for filing a meritless claim. He is also not required to bear any of the costs imposed on the courts and the public for filing his action.
The legislature passed section 57.085, Florida Statutes (2001), the Prisoner Indi-gency Statute, to reduce frivolous prisoner litigation. The preamble to Florida’s Prisoner Indigency Statute does not cite any specific examples of civil inmate lawsuits to which it applies, only that the law is enacted because
frivolous inmate lawsuits congest civil court dockets and delay the administration of justice for all litigants, and ... each year self-represented indigent inmates in Florida’s jails and prisons file an ever-increasing number of frivolous lawsuits at public expense against public officers and employees,....
Ch. 96-106, preamble, Laws of Fla. Although the legislature has not chosen to clarify its intent in passing the Prisoner Indigency Statute or to address the supreme court’s decision in Schmidt, it is clear that since this decision, frivolous actions such as Appellant’s continue to consume precious judicial resources. Here, a circuit judge was required to review Appellant’s frivolous claim. In addition, three judges of this court were required to consider Appellant’s claim. Public taxpayers must solely bear the costs of these actions.
This court has previously expressed its concern with Schmidt by certifying several questions to the supreme court. Burgess v. Crosby, 870 So.2d 217, 218-19 (Fla. 1st DCA 2004); Cox v. Crosby, 31 Fla. L. Weekly D310, — So.2d -, 2006 WL 176681 (Fla. 1st DCA Jan. 26, 2006), rev. granted sub nom. McDonough v. Cox, 924 So.2d 809 (Fla.2006); Gillam v. McDonough, 31 Fla. L. Weekly D1079, — So.2d -, 2006 WL 994068 (Fla. 1st DCA Apr. 18, 2006); Yasir v. McDonough, 31 Fla. L. Weekly D1459, — So.2d -, 2006 WL 1419271 (Fla. 1st DCA May 25, 2006). To certify another question here would neither facilitate finality nor be a wise use of limited judicial resources. We do however recommend that the supreme court recede from its holding in Schmidt due to its unintended fiscal consequences on the courts and the public. See Hoffman v. Jones, 280 So.2d 431, 434 (Fla.1973) (explaining that district courts may state their reasons for advocating change but are “bound to follow the case law set forth by this Court.”).
Accordingly, Appellant’s petition is DENIED as to the challenge to the order by which the trial court denied mandamus, but is GRANTED as to the challenge to the lien orders, and those orders are hereby QUASHED.
HAWKES and THOMAS, JJ., concur; VAN NORTWICK, J., concurs in result only.