VAN NORTWICK, J.
 

 Johnny B. Jackson, an inmate in the custody of the Department of Corrections (DOC), appeals an order denying his request to be relieved of a lien imposed against inmate trust account for costs incurred in the filing of a mandamus petition. We reverse on the authority of
 
 Cox v. Crosby,
 
 27 So.3d 45 (Fla. 1st DCA 2006), and
 
 Yasir v. McDonough,
 
 28 So.3d 60 (Fla. 1st DCA 2006), cases decided after the entry of the order on appeal, and certify a question of great public importance.
 

 Jackson filed a petition for a writ of mandamus in the circuit court by which he challenged a disciplinary proceeding. Jackson had been charged with an unauthorized absence, and a disciplinary hearing team found Jackson was guilty of the infraction; Jackson was sentenced to 15 days of disciplinary confinement. During this period, Jackson was unable to earn gain-time.
 

 The trial court denied mandamus relief. Further, the trial court entered an order directing the DOC to place a lien against Jackson’s prison trust account for the court costs associated with the filing of the mandamus petition. Jackson thereafter moved to be relieved of this order on the authority of
 
 Schmidt v. Crusoe,
 
 878 So.2d 361 (Fla.2003), and
 
 Cason v. Crosby,
 
 892 So.2d 536 (Fla. 1st DCA 2005). The trial court denied relief, finding
 
 Schmidt
 
 to be distinguishable since that case considered the loss of earned gain-time, whereas Jackson had not lost any earned gain-time as a result of the disciplinary action taken against him. The trial court did not address
 
 Cason.
 

 
 *63
 
 Pursuant to the Florida Prisoner Indi-gency Statute, section 57.085, Florida Statutes (2005), an inmate who brings a civil action may be subject to the placement of a lien on his or her trust account for the court costs accrued by the filing of the action. The Prisoner Indigency Statute, however, specifically exempts “criminal” and “collateral criminal” proceedings from its provisions. The term “collateral criminal proceedings” is not defined in the statute.
 

 In
 
 Schmidt,
 
 the Florida Supreme Court examined the legislative history of the statute and determined that, while the purpose of section 57.085 is to discourage the filing of frivolous civil lawsuits, the statute is not intended to prevent the filing of claims contesting a criminal sentence. The prisoner in
 
 Schmidt
 
 had challenged a disciplinary action by the DOC which resulted in the loss of gain time thereby lengthening the prisoner’s sentence. Therefore, the court concluded that the proceeding challenging such a disciplinary action was a “collateral criminal proceeding” for the purposes of section 57.085.
 
 Schmidt,
 
 878 So.2d at 367. The Court explained that “a gain time challenge is analogous to a collateral challenge to a sentence in a criminal proceeding because the end result is the same — the inmate’s time in prison is directly affected.”
 
 Id.
 

 In
 
 Cox v. Crosby,
 
 27 So.3d 45 (Fla. 1st DCA 2006), an inmate challenged, by a petition for a writ of mandamus, a statute which precluded the inmate from earning basic gain-time. The inmate was denied mandamus relief and was assessed court costs pursuant to section 57.085. This court reversed the assessment of court costs on the authority of
 
 Schmidt.
 
 The
 
 Cox
 
 panel observed that, if the inmate’s challenge had been successful, then his sentence would be “directly affected” and thus, court costs could not be assessed under the reasoning of
 
 Schmidt.
 
 The
 
 Cox
 
 court, though, certified as a matter of great public importance the question of whether the
 
 Schmidt
 
 holding extends to all actions which, if successful, would directly affect the time spent in prison by the party bringing the action. The supreme court has accepted review of
 
 Cox. McDonough v. Cox,
 
 924 So.2d 809 (Fla.2006).
 

 In
 
 Yasir v. McDonough,
 
 28 So.3d 60, 31 Fla. L. Weekly D1459, 2006 WL 1419271 (Fla. 1st DCA May 25, 2006), this court quashed an order imposing a lien on an inmate trust account for filing fees incurred in the filing of a petition for a writ of mandamus. By this petition, the inmate had challenged a “satisfactory” work evaluation, contending that he should have received an “above-satisfactory” rating. He alleged that, had he received an “above-satisfactory” rating, he would have received more gain-time. The
 
 Yasir
 
 panel observed that the inmate’s sentence would have been shortened by several days and, thus, his sentence would have been “directly affected” had he been successful in his challenge of the work evaluation. As in
 
 Cox,
 
 this court held that a mandamus petition was a collateral criminal proceeding which was not subject to the imposition of a lien for filing costs under section 57.085.
 
 Id.
 
 The
 
 Yasir
 
 court also certified the question certified in
 
 Cox.
 

 Based upon the authority of
 
 Cox
 
 and
 
 Yasir,
 
 we hold that the imposition of a lien in the instant case was error. Had Jackson been successful in his challenge of disciplinary confinement, he would have had the ability to have earned additional gain-time. Thus, as we found in
 
 Yasir,
 
 his sentence would have been “directly affected.” We note that the trial court did not have the advantage of our
 
 Cox
 
 and
 
 Yasir
 
 decisions, because the trial court entered
 
 *64
 
 the order on appeal before those cases were decided.
 

 Accordingly, the order denying relief from the order directing the imposition of a lien on Jackson’s inmate trust account is VACATED, and the cause is REMANDED for entry of an order directing the reimbursement of Jackson of those funds withdrawn from his account pursuant to the lien.
 

 As we did in
 
 Cox
 
 and
 
 Yasir,
 
 we certify the following question as one of great public importance:
 

 DOES THE HOLDING IN
 
 SCHMIDT V. CRUSOE, 878
 
 So.2d 361 (Fla.2003), EXTEND TO ALL ACTIONS, REGARDLESS OF THEIR NATURE, IN WHICH, IF SUCCESSFUL, THE COMPLAINING PARTY’S CLAIM WOULD DIRECTLY AFFECT HIS OR HER TIME IN PRISON, SO TO PRECLUDE IMPOSITION OF A LIEN ON THE INMATE’S TRUST ACCOUNT TO RECOVER APPLICABLE FILING FEES?
 

 BARFIELD and LEWIS, JJ., concur.