PER CURIAM.
Petitioner, a disabled prisoner, filed a petition for writ of mandamus, in which he claimed that he is entitled to a gain time award equal to the maximum amount that he might have earned had he been able to perform the activities for which gain time is normally awarded. For this filing, a lien was imposed against petitioner’s trust account pursuant to section 57.085, Florida Statutes.
The trial court denied mandamus, reasoning that petitioner has not established a clear legal right to the requested gain time. The trial court also upheld the order imposing the fee lien on the basis that petitioner is not challenging administrative disciplinary action which resulted in his loss of previously earned gain-time. By way of amended notice of appeal, which this Court treated as a petition for writ of certiorari, petitioner seeks review of the trial court order denying mandamus and denying relief on the fee issue.
*178 To the extent petitioner seeks certiorari review of the trial court’s denial of mandamus, this petition is denied on the merits because petitioner has not established that he was deprived of due process or that the trial court departed from the essential requirements of the law. However, because the length of time that petitioner will spend in prison would have been directly affected had petitioner’s argument been successful, the March 11, 2005, order imposing the lien on petitioner’s trust account is VACATED. This cause is REMANDED for entry of an order directing the reimbursement to petitioner of those funds withdrawn from his account pursuant to the lien. See Cox v. Crosby, - So.2d -, 31 Fla. L. Weekly D310, 2006 WL 176681 (Fla. 1st DCA Jan. 26, 2006).
KAHN, DAVIS, and BROWNING, JJ., concur.