941 So.2d 521 (2006)
Timothy KELLY, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Respondent.
No. 1D06-2783.
District Court of Appeal of Florida, First District.
November 8, 2006.
*522 Timothy Kelly, pro se, Petitioner.
Beverly Brewster, Assistant General Counsel, Tallahassee, for Respondent.
PER CURIAM.
Petitioner, a prisoner, was resentenced. The resentencing court failed to award more than 1000 days worth of prison credit to which petitioner was entitled. Petitioner asked the Department of Corrections (DOC) to grant the prison credit. The DOC denied the request, explaining that it was without authority to change petitioner's sentence, stating to petitioner: "If you feel you are entitled to additional credit, you must address your concerns to the sentencing court." Rather than filing the appropriate postconviction motion in the sentencing court, petitioner filed a petition for writ of mandamus in a different lower tribunal, seeking to have that court order the DOC to grant the prison credit. For filing the petition for writ of mandamus, an order issued imposing a lien against petitioner's prison trust account pursuant to section 57.085, Florida Statutes. Petitioner then filed a Motion for Review of Filing Fee Imposed, in which petitioner requested that the lower court confirm that petitioner's action was a collateral criminal proceeding and reverse the lien.
The lower court issued an order denying mandamus (on the basis that the lower court had no authority or jurisdiction to review the sentence imposed by another circuit court) and denying petitioner's request for reversal of the lien (on the basis that petitioner's action was not similar to Schmidt v. Crusoe, 878 So.2d 361 (Fla. 2003)). Petitioner then filed a petition for writ of certiorari in this Court, in which petitioner, who has since received the requested relief from the sentencing court, challenges only the lower court's refusal to remove the filing fee lien from petitioner's prison trust account.
Although petitioner was advised by DOC that petitioner needed to seek relief from the court that imposed sentence, and although the petitioner failed to heed that advice and instead filed a petition for writ of mandamus in another lower court, we are unable to say that petitioner's sentence would not have been directly affected had petitioner's mandamus petition been successful. We therefore grant the petition for writ of certiorari as to the challenge to the lien order, quash the lower court's April 21, 2005, order imposing the filing fee lien, and remand with instructions for reimbursement of all monies removed from the prisoner's trust account pursuant to the lien.
We once again invite the Florida Supreme Court to recede from Schmidt due to its unintended fiscal consequences on the courts and the taxpayers. See McGee v. State, Fla. Dep't of Corr., 935 So.2d 62, 64 (Fla. 1st DCA 2006)(citing Hoffman v. *523 Jones, 280 So.2d 431, 434 (Fla. 1973) (explaining that district courts may state their reasons for advocating change but are "bound to follow the case law set forth by this Court.")).
DAVIS and LEWIS, JJ., concur.
BROWNING, C.J., concurs in result only.