PER CURIAM.
The appellant prisoner challenges both an order by which his petition for writ of *1092 mandamus was denied based upon the trial court’s determination that the petition was untimely and an order by which a section 57.085 lien was placed on his inmate account in connection with the mandamus proceeding. We reverse the first order because, as the appellee concedes, the mandamus proceeding was commenced within the time prescribed by section 95.11(8), Florida Statutes. And we reverse the second order because the underlying mandamus proceeding is a “collateral criminal proceeding” in connection with which a section 57.085 lien may not be imposed. See Jackson v. McDonough, 31 Fla. L. Weekly D2299, — So.2d -, 2006 WL 2527244 (Fla. 1st DCA Sept.5, 2006).
Both orders are accordingly reversed and this case is remanded. On remand, the trial court should direct the reimbursement of any funds withdrawn from the petitioner’s account in satisfaction of the improper lien order.
ALLEN, BENTON, and HAWKES, JJ„ concur.