PER CURIAM.
The Florida Department of Corrections declined to award 20 days of incentive gain time to appellant Byron Lowery based upon a finding that his work performance had not been satisfactory for the month of February 2003. After exhausting his administrative remedies, Lowery appealed to this court in case number 1D03-3045. The department, as the lower tribunal in that proceeding, certified Lowery as indigent and imposed a lien against his trust account to recover filing fees. This court then transferred the case to the Circuit Court for Leon County where another lien was placed against Lowery’s trust account for circuit court filing fees.
In response to the complaint, the department showed to the circuit court that a review had been conducted and 20 days of incentive gain time had been retroactively awarded to Lowery for the month in question. The circuit court dismissed the case as moot and Lowery timely appeals.[1] Another lien has been placed against Lowery’s inmate trust account for the circuit court’s share of the fees and costs incurred because of the instant appeal.
We affirm as to the circuit court’s disposition on the merits, finding no reversible error. Appellee properly concedes error on Lowery’s challenge to the liens placed on his inmate trust account. See Cox v. Crosby, 31 Fla. L. Weekly D310, — So.2d -, 2006 WL 176681 (Fla. 1st DCA Jan.26, 2006). We therefore quash the order of the department which found Lowery to be indigent for case number 1D03-3045 and remand with directions that the lien be removed and any funds taken from Lowery’s account on authority of that lien be reimbursed. We also grant relief with regard to the circuit court’s two indigency orders and remand for proceedings in accordance with section 57.081, Florida Statutes, on Lowery’s requests to be certified as indigent in that tribunal. Rutledge v. McDonough, 931 So.2d 171 (Fla. 1st DCA 2006).
AFFIRMED in part and REVERSED in part.
BARFIELD, VAN NORTWICK, and THOMAS, JJ., CONCUR.

. This court has appellate jurisdiction pursuant to Green v. Moore, 777 So.2d 425 (Fla. 1st DCA 2000).