951 So.2d 89 (2007)
Richard H. GIBSON, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D06-4626.
District Court of Appeal of Florida, First District.
March 13, 2007.
Richard H. Gibson, pro se, Petitioner.
Bill McCollum, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
This Petition for Writ of Certiorari challenges the circuit court's denial of petitioner's mandamus petition[1] below. We grant petitioner review only as to his claim that the circuit court improperly imposed a lien *90 on his prison inmate trust account, pursuant to section 57.085, Florida Statutes. We deny, without discussion, review on all of petitioner's other claims for relief.
Section 57.085 enables the trial court to place a lien on an inmate's trust account for civil filing fees. However, the statute does not apply to "collateral criminal proceedings." See § 57.085(10), Fla. Stat. In Schmidt v. Crusoe, 878 So.2d 361, 366 (Fla.2003), the Florida Supreme Court defined a "collateral criminal proceeding" as including any action that results in an inmate's prison time being "directly affected."
Despite the overwhelming lack of merit to Petitioner's argument in his mandamus petition, if he had been successful in challenging the Department of Correction's decision to adjudicate him guilty of a disciplinary infraction, he would have been eligible to receive incentive gain-time for the month that the infraction took place. As stipulated to by respondent, an inmate is not eligible to receive incentive gain-time for a month where he is found guilty of an infraction. See Rule 33-601.101(6)(a), Fla. Admin. Code. "Since it was technically possible that his sentence could have been shortened and thus `directly affected,' we are compelled to conclude Petitioner's mandamus petition was a `collateral criminal proceeding' pursuant to Schmidt." Yasir v. McDonough, 31 Fla. L. Weekly D1459, ___ So.2d ___, 2006 WL 1419271 (Fla. 1st DCA May 25, 2006) (citing Cox v. Crosby, 31 Fla. L. Weekly D310, ___ So.2d ___, 2006 WL 176681 (Fla. 1st DCA Jan.26, 2006)).
Accordingly, we DENY Petitioner's petition for a writ of certiorari in part (without discussion), GRANT it in part, QUASH the order imposing a lien on Petitioner's inmate trust account, and order that all funds collected from the trust account be refunded. Because of what we perceive to be the logical implications of Schmidt as illustrated by cases such as this, we certify the following question to the Florida Supreme Court, as we did in Cox and Yasir, which we believe to be of great public importance:
DOES THE HOLDING IN SCHMIDT V. CRUSOE, 878 So.2d 361 (Fla.2003), EXTEND TO ALL ACTIONS, REGARDLESS OF THEIR NATURE, IN WHICH, IF SUCCESSFUL, THE COMPLAINING PARTY'S CLAIM WOULD DIRECTLY AFFECT HIS OR HER TIME IN PRISON, SO TO PRECLUDE IMPOSITION OF A LIEN ON THE INMATE'S TRUST ACCOUNT TO RECOVER APPLICABLE FILING FEES?
DAVIS, PADOVANO, and HAWKES, JJ., concur.
NOTES
[1] In the proceeding below, petitioner filed a petition entitled "Petition for Writ of Certiorari," but the circuit court correctly treated the petition as a Petition for Writ of Mandamus, pursuant to Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997).