PER CURIAM.
In this petition for writ of certiora-ri, Petitioner challenges the circuit court’s denial of his petition for writ of mandamus, and the imposition of a lien placed on his inmate trust account. The petition for writ of mandamus challenged a disciplinary proceeding, which adversely affected Petitioner’s ability to earn gain-time. Based on our review of the record, we conclude that the circuit court properly denied the petition for writ of mandamus. See Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Consequently, the petition for writ of certiorari challenging the denial of the petition for writ of mandamus is DENIED.
However, Petitioner’s mandamus petition challenged the loss of his ability to earn gain-time. Because his challenge had the potential of affecting the time he will spend in prison, the circuit court departed from the essential requirements of law by placing a lien on his inmate trust account to pay for court costs incurred by filing the mandamus petition. Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003); Yasir v. McDonough, 31 Fla. L. Weekly D1459, — So.2d -, 2006 WL 1419271 (Fla. 1st DCA May 25, 2006). The petition for writ of certio-rari challenging the imposition of a lien on Petitioner’s inmate account is GRANTED, and the order imposing the lien is QUASHED.
DAVIS and POLSTON, JJ., and LAWRENCE, Jr., L. ARTHUR, Senior Judge, concur.