967 So.2d 950 (2007)
Lawrence SIMPKINS, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D06-4448.
District Court of Appeal of Florida, First District.
September 28, 2007.
Rehearing Denied November 15, 2007.
Lawrence Simpkins, pro se, Petitioner.
Bill McCollum, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Tallahassee, for Respondent.
ALLEN, J.
The petitioner is a prison inmate seeking a writ of certiorari, to challenge the circuit court's denial of mandamus and the imposition of a lien on his inmate trust account. In the mandamus proceeding the petitioner obtained review of disciplinary action taken by the Department of Corrections, and that aspect of the case is here for second-tier review as described in Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). The petitioner has not shown any basis for relief as to the denial of mandamus, but the circuit court should not have ordered the imposition of a section 57.085, Florida Statutes, lien for payment of court costs and fees for the mandamus proceeding.
With regard to the lien, the petitioner suggests that the mandamus action was a collateral criminal proceeding to which section 57.085 does not apply. In Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003), it was indicated that an action which may impact an inmate's gain time and thereby effectively *951 alter the amount of time which will actually be served will be treated as a collateral criminal proceeding to which § 57.085 does not apply. See also Gibson v. McDonough, 951 So.2d 89 (Fla. 1st DCA 2007). The disciplinary action which was the subject of the mandamus proceeding in the present case made the petitioner ineligible for a period of incentive gain time. See Fla. Admin. Code R. 33-601.101(6). In accordance with Schmidt and Gibson, a section 57.085 lien thus may not be imposed for the petitioner's mandamus proceeding. See also Muhammad v. Crosby, 922 So.2d 236 (Fla. 1st DCA 2006).
The petition for certiorari is denied insofar as it challenges the circuit court's denial of mandamus. However, the petition is granted in connection with the challenge to the section 57.085 lien, and the circuit court orders are quashed to the extent they impose and uphold the lien for the mandamus proceeding. The circuit court should direct the reimbursement of any funds which have been withdrawn from the petitioner's account to satisfy the improper lien.
WOLF and POLSTON, JJ., concur.