968 So.2d 95 (2007)
Tommy Lee GAINES, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D06-5534.
District Court of Appeal of Florida, First District.
November 20, 2007.
*96 Tommy Lee Gaines, pro se, Petitioner.
Bill McCollum, Attorney General; and Carrie R. McNair, Assistant Attorney General, Tallahassee, for Respondent.
BROWNING, C.J.
Petitioner, who is a prison inmate, seeks a writ of certiorari to challenge the order of the circuit court (acting in its appellate capacity) denying mandamus relief. Additionally, he filed a motion for review of the circuit court's imposition of a lien on Petitioner's inmate trust account for costs incurred in filing his mandamus petition. In the mandamus proceeding, Petitioner obtained review of disciplinary actions taken by the Department of Corrections, but ultimately he showed no grounds for relief. That part of this case is here for second-tier review pursuant to Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). The record demonstrates that Petitioner has not met his extraordinary burden to obtain relief on the denial of mandamus. See Hay v. Moore, 728 So.2d 806 (Fla. 1st DCA 1999).
We treat Petitioner's motion for review as if Petitioner had sought the proper remedy and had argued the issue in his petition for writ of certiorari. See Fla. R.App. P. 9.040(c). The circuit court should not have ordered the imposition of a section 57.085, Florida Statutes, lien for the payment of court costs and fees for the mandamus proceeding. Respondent correctly concedes that as Petitioner's action is a "collateral criminal proceeding," it is specifically exempted from section 57.085, so that "indigency determinations are to be made" according to section 57.081, Florida Statutes. See Wagner v. McDonough, 927 So.2d 216, 217 (Fla. 1st DCA 2006). We have held that section 57.081 does not contain specific language authorizing imposition of a lien on a prisoner's trust account. See Cason v. Crosby, 892 So.2d 536, 537 (Fla. 1st DCA 2005). The circuit court determined that a lien on Petitioner's prison trust account was authorized under section 57.082, Florida Statutes. However, in Wagner, 927 So.2d at 217, we stated that this statute does not contain language authorizing imposition of a lien, and that a lien cannot be used to recover fees and costs in an action governed by section 57.081. Accordingly, the circuit court's order is erroneous insofar as it instructs the imposition of a lien on Petitioner's prison trust account, and Petitioner is entitled to relief on this issue. See Simpkins v. McDonough, 967 So.2d 950 (Fla. 1st DCA *97 2007); Clark v. McDonough, 964 So.2d 798 (Fla. 1st DCA 2007); Jackson v. McDonough, 31 Fla. L. Weekly D2299, ___ So.2d ___, 2006 WL 2527244 (Fla. 1st DCA Sept. 5, 2006); Cason, 892 So.2d at 537.
We DENY the petition for writ of certiorari insofar as it challenges the circuit court's denial of mandamus relief, GRANT the petition in part, VACATE the circuit court's order to the extent it imposed and upheld the lien for the mandamus proceeding, and REMAND with instructions to the circuit court to direct the reimbursement of any funds that have been withdrawn from Petitioner's account to satisfy the improper lien.
ALLEN and VAN NORTWICK, JJ., concur.