777 So.2d 425 (2000)
Eric GREEN, Appellant,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Appellee.
No. 1D00-2812.
District Court of Appeal of Florida, First District.
December 22, 2000.
*426 Eric Green, pro se, appellant.
Robert A. Butterworth, Attorney General, and Joy A. Stubbs, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
The Florida Department of Corrections imposed a disciplinary sanction against Eric Green. After exhausting his administrative grievances he filed a petition for writ of mandamus in the Circuit Court for Bradford County. The circuit court treated the mandamus petition as a petition for a writ of certiorari and denied it as untimely. Green timely petitioned this court for a writ of certiorari to review the circuit court's order. The department moves to relinquish jurisdiction, noting that the circuit court petition was apparently filed within 30 days of denial of Green's last administrative grievance.
As an initial matter, we note that Green's selection of mandamus as his circuit court remedy was correct. See Williams v. James, 684 So.2d 868 (Fla. 2d DCA 1996). The conversion of the petition from mandamus to certiorari was therefore unnecessary. This error had no bearing on these proceedings, however, as both remedies are subject to a 30 day jurisdictional time limit. See Fla.R.App.P. 9.100(c)(1) and Fla.R.Civ.P. 1.630(c) (certiorari); § 95.11(8), Fla. Stat. (2000) (actions challenging prisoner disciplinary proceedings).
Second, we hold that an appeal, rather than certiorari, is the proper method to review the circuit court's decision in this circumstance. In Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998), it was determined that review of a circuit court order regarding a prisoner disciplinary matter was properly by certiorari in the district court because the petitioner had already been afforded a review of the department's decision on the merits in circuit court. Where, as here, however, the circuit court proceeding is concluded on grounds other than the merits, the order may be appealed. We therefore sua sponte treat this proceeding as an appeal from the circuit court's order. Fla. R.App.P. 9.040(c).
Finally, we find that a disposition more appropriate than relinquishment of jurisdiction is to reverse and remand the case to the circuit court for further proceedings. Cf. Wrisper v. Florida Department of Corrections, 765 So.2d 295 (Fla. 1st DCA 2000) (reversing where appellee moved to relinquish jurisdiction because the statute on which the circuit court relied to dispose of case had been declared unconstitutional).
REVERSED.
LAWRENCE, DAVIS and VAN NORTWICK, JJ., concur.