778 So.2d 975 (2001)
Richard Henry GEFFKEN, Petitioner,
v.
R.R. STRICKLER, etc., Robert K. Mathis, Judge, etc., and the State of Florida, Respondents.
No. SC00-13.
Supreme Court of Florida.
February 1, 2001.
*976 Richard Henry Geffken, Sanderson, FL, Petitioner, pro se.
Robert A. Butterworth, Attorney General, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, FL, for Respondent.
PER CURIAM.
Petitioner Richard Henry Geffken petitions this Court for writ of quo warranto challenging his conviction and sentence.[1] We have jurisdiction to consider such petitions pursuant to article V, section 3(b)(8) of the Florida Constitution.
Before we proceed to the merits of the petition, we must determine whether petitioner is subject to the partial payment provisions of section 57.085, Florida Statutes (1999) (hereinafter the Prisoner Indigency Statute). Petitioner has filed an affidavit of indigency asserting that he has insufficient funds with which to pre-pay the entire filing fee in this case. The Prisoner Indigency Statute provides, inter alia, that if a prisoner lacks the funds to pay the entire filing fee upon filing, partial payments of the fee will be deducted from the prisoner's inmate account if or when funds become available.[2] However, the Prisoner Indigency Statute specifically exempts "collateral criminal proceedings" from this requirement. We conclude that writ petitions which contest a criminal conviction or sentence are "collateral criminal proceedings," and are exempt from the partial payment provisions of the Prisoner Indigency Statute.

ANALYSIS
The Prisoner Indigency Statute provides, inter alia, that inmates who do not have sufficient funds to pay for certain types of lawsuits in full upon filing must pay for their lawsuits in installments if and when any funds are deposited into their inmate accounts. See § 57.085, Fla. Stat. (1999).[3] The statute, however, specifically exempts "collateral criminal proceedings" from its provisions. See § 57.085(10), Fla. Stat. (1999). That means that if an inmate files an action which is considered a "collateral criminal proceeding," and the court finds that the inmate is without funds to pay for the action, i.e., that the inmate is indigent, the inmate may, in some circumstances, be considered completely exempt from the partial payment provisions of the statute.
We recently determined in Hall v. State, 752 So.2d 575 (Fla.2000), that a postconviction motion and an appeal therefrom are "collateral criminal proceedings" for purposes of determining whether sanctions may be imposed under a different statutory *977 scheme, which provides for discipline when an inmate files a frivolous or other improper lawsuit. See §§ 944.279, 944.28(2)(a), Fla. Stat. (1999).
Similarly, the Fifth District Court of Appeal concluded in Ferenc v. State, 697 So.2d 1262 (Fla. 5th DCA 1997), that the Prisoner Indigency Statute does not apply to postconviction motions because they are collateral criminal proceedings. Like the sanction statutes, the Prisoner Indigency Statute provides that it does not apply to a "criminal proceeding or a collateral criminal proceeding." See § 57.085(10), Fla. Stat. (1999). Both the sanction statutes and the Prisoner Indigency Statute were enacted as part of one act that created or amended several statutory provisions for the purpose of reducing unnecessary or frivolous prisoner filings. See ch. 96-106, Laws of Fla.[4] Not only did the act provide statutory authority for the sanctioning of inmates who file frivolous, untruthful, or malicious lawsuits, see § 944.279, Fla. Stat. (1999); ch. 96-106, § 5, Laws of Fla. (statutory authority for court to find suit frivolous); § 944.28(2)(a), Fla. Stat. (1999); ch. 96-106, § 6, Laws of Fla. (statutory authority for the Department of Corrections to subject a prisoner to gain time forfeiture when court finds that an inmate filed an improper lawsuit), it amended the statute that regulates pleadings filed by indigents to exclude prisoners, and created a new indigency statute for prisoner filings. See §§ 57.081, 57.085, Fla. Stat. (1999); ch. 96-106, § 1, 2, at 93-95. The legislative history of these amendments makes clear that the intent of all the amendments was to reduce the filing of frivolous lawsuits and reduce the amount of funds unnecessarily expended on such lawsuits in the courts.
All of these statutes specifically include the same exclusionary provision that "collateral criminal proceedings" should not be included in these attempts to reduce litigation.[5] We agree that statutes enacted in the same act and using the same language should ordinarily be interpreted similarly. Accord Winthrop & Joseph, Inc. v. Marriott Resort Hospitality Corp., 695 So.2d 789, 791 (Fla. 5th DCA 1997) (statutes passed during same legislative session and relating to same subject matter should be construed in pari materia); see also WFTV, Inc. v. Wilken, 675 So.2d 674, 679 (Fla. 4th DCA 1996) (statutory phrase should be viewed not only in its internal context within the section, but also in harmony with interlocking statutes). Accordingly, we agree with the Fifth District's holding in Ferenc, and consistent with our decision in Hall, we hold that a writ petition which contests a criminal conviction or sentence is a "collateral criminal proceeding" for purposes of the Prisoner Indigency Statute. That being so, we conclude that petitioner need not comply with the payment provisions of the *978 statute and we hereby grant him in forma pauperis status.[6]
It is so ordered.[7]
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., concurs in result only.
NOTES
[1] At this time we express no opinion as to the propriety of the use of a quo warranto petition to challenge a criminal conviction or sentence.
[2] Prior to the enactment of the statute, prisoners asserting indigency fell under the general indigency statute which provides, among other things, that persons meeting the indigency requirements are permitted to have their cases heard without the payment of the filing fee altogether. See § 57.081, Fla. Stat. (1999).
[3] These provisions provide for the placement of a lien on an indigent inmate's account for the full cost of the proceeding. When any monies are placed in the inmate's account a certain percentage of the balance is deducted at certain intervals until the entire filing fee has been paid.

The statute also provides for a partial payment "up front" if the court determines that the inmate is unable to pay the entire filing fee at the time of filing but is able to pay some portion of it at that time. See § 57.085(4), Fla. Stat. (1999).
[4] The Preamble to the act provides:

WHEREAS, frivolous inmate lawsuits congest civil court dockets and delay the administration of justice for all litigants, and
WHEREAS, each year self-represented indigent inmates in Florida's jails and prisons file an ever-increasing number of frivolous lawsuits at public expense against public officers and employees, and
WHEREAS, state and local governments spend millions of dollars each year processing, serving, and defending frivolous lawsuits filed by self-represented indigent inmates, and
WHEREAS, the overwhelming majority of civil lawsuits filed by selfrepresented indigent inmates are frivolous and malicious actions intended to embarrass or harass public officers and employees, and
WHEREAS, under current law frivolous inmate lawsuits are dismissible by the courts only after considerable expenditure of precious taxpayer and judicial resources, NOW THEREFORE, [the subject act is hereby] Enacted by the Legislature of the State of Florida.
Ch. 96-106, preamble, at 92-93, Laws of Fla.
[5] Apparently this exclusionary language was added to reduce the potential that such efforts might be considered an improper "chilling" of a criminal defendant's right to appeal or otherwise challenge the propriety or constitutionality of the conviction or sentence.
[6] As we do with non-prisoners, we will continue to require that prisoners provide an affidavit of indigency setting forth their income and debts.
[7] We appointed counsel for petitioner for the limited purpose of briefing the Court as to whether the Prisoner Indigency Statute applies to writ petitions. Having concluded that the statute does not apply to such petitions, pending the resolution of any motion for rehearing of this decision, counsel for petitioner is discharged and all further pleadings shall be filed by the petitioner himself or an attorney privately retained by petitioner, should he retain such counsel.