892 So.2d 536 (2005)
David K. CASON, Appellant,
v.
James V. CROSBY, Jr., Secretary, Florida Department of Corrections, Appellee.
No. 1D03-5380.
District Court of Appeal of Florida, First District.
January 7, 2005.
David K. Cason, pro se, appellant.
Charlie Crist, Attorney General, and Carrie R. McNair, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant seeks review of the dismissal of his mandamus petition in the Circuit Court for Leon County. Appellant challenged a disciplinary action of the Florida Department of Corrections which resulted *537 in the loss of gain-time. The circuit court dismissed the petition without prejudice to file the petition in the sentencing court, citing Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003).
Upon consideration of appellee's concession of error, the order of dismissal is reversed, and this matter is remanded to the circuit court for consideration of the merits of appellant's petition. See Davidson v. Crosby, 883 So.2d 866 (Fla. 1st DCA 2004); Burgess v. Crosby, 870 So.2d 217 (Fla. 1st DCA 2004).
Pursuant to Florida Rule of Appellate Procedure 9.430, appellant also seeks review of the circuit court's order of indigency. The circuit court found appellant unable to pay the appellate filing fees but placed a lien on appellant's inmate trust account for the full amount of the appellate filing fee ($130.00) assessed by the circuit court. We grant appellant's motion and vacate the circuit court's order of indigency to the extent that it imposes a lien on appellant's inmate trust account.
In 1996, the legislature enacted section 57.085, the prisoner indigency statute, in order to reduce unnecessary or frivolous prisoner filings. See Geffken v. Strickler, 778 So.2d 975 (Fla.2001); ch. 96-106, Laws of Fla. Section 57.085 provides that an indigent prisoner may initiate civil lawsuits without prepayment of filing fees but specifically provides that a lien may be placed on the prisoner's trust account until the fee is paid in full. However, the statute specifically exempts "collateral criminal proceedings" from its provisions. Recently, the supreme court in Schmidt held that cases such as the instant one, where the prisoner challenges the loss of gain-time, are collateral criminal proceedings and are exempt from section 57.085. Schmidt, 878 So.2d at 367. Therefore, the general indigency statute, section 57.081, applies. Id. at 367 n. 7.
Prior to the 1996 enactment of section 57.085, prisoners asserting indigency fell under the general indigency statute, section 57.081. The general statute provided that persons meeting the indigency requirements were permitted to have their cases heard without the payment of the filing fee altogether. See Geffken, 778 So.2d at 976. Section 57.081(1) provides that any indigent person "shall receive the services of the courts ... despite his or her present inability to pay for these services." Thus, section 57.081 permits an indigent person to proceed with a case without payment of costs. However, section 57.081 does have a mechanism for future payment of the filing fees for court services. Section 57.081(3) states that, if the indigent person prevails, "costs shall be taxed in his or her favor and, when collected, shall be applied to pay costs which otherwise would have been required and which have not been paid."
Unlike section 57.085, section 57.081 does not specifically state that a lien may be placed on a prisoner's trust account to collect the filing fees. It is a general canon of statutory construction that, when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally. Beach v. Great Western Bank, 692 So.2d 146 (Fla.1997). At the time section 57.085 was enacted and collateral criminal proceedings were exempted from its reach, the legislature could have amended section 57.081 to provide for collection of filing fees upon appellant's future ability to pay. However, the legislature did not. Therefore, the provision of imposing a lien on inmate accounts does not apply to indigency candidates under section 57.081.
*538 Appellee argues that section 28.241 requires the circuit court clerk to collect an appellate filing fee. Appellee contends that, under this statute, the circuit court clerk has authority to institute payment of the fees at a later time when appellant has the ability to pay. This argument is contrary to statute. Section 28.241(2) provides that the clerk shall defer payment of the appellate filing fee if a party is determined to be indigent. This section does not authorize the imposition of a lien.
Accordingly, there is no statutory authority for the imposition of the lien in this case. As a lien may only be imposed by contract or by operation of law, the trial court erred in placing a lien on appellant's account. Furthermore, as noted by the supreme court in Geffken, collateral criminal proceedings are exempted even from the partial payment provisions of section 57.085. 778 So.2d at 976. Thus, persons meeting the indigency requirements of section 57.081 should be able to proceed with their cases without the payment of any filing fee.
REVERSED and REMANDED for further proceedings consistent with this opinion; motion for review GRANTED.
BROWNING, LEWIS and POLSTON, JJ., concur.