935 So.2d 47 (2006)
Jose LOPEZ, Petitioner,
v.
James R. McDONOUGH, Respondent.
No. 1D05-4433.
District Court of Appeal of Florida, First District.
July 26, 2006.
*48 Jose Lopez, pro se, Petitioner.
Beverly Brewster, Assistant General Counsel, Tallahassee, for Respondent.
PER CURIAM.
Petitioner, Jose Lopez, seeks certiorari review of the trial court's order of indigency, which ordered the Department of Corrections ("Department") to place a lien on his inmate trust account for the full amount of his court costs and fees and to withdraw and forward any money maintained in the account as provided in section 57.085, Florida Statutes. He argues that, pursuant to Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003), his mandamus proceeding was a collateral criminal proceeding to which section 57.085 was inapplicable and, thus, that neither the lien nor the Department's withdrawal and forwarding of money towards payment of the lien was statutorily authorized. Although we agree, petitioner has sought the wrong *49 remedy. Therefore, we sua sponte treat his petition for writ of certiorari as an appeal from the trial court's final order dismissing his mandamus petition, reverse the order of indigency to the extent that it orders the Department to impose a lien on petitioner's inmate trust account and to withdraw and forward money maintained in the account pursuant to section 57.085, and remand for further proceedings.
Petitioner filed a Petition for Writ of Mandamus, arguing that the Department incorrectly structured his sentences in two different cases to run consecutively and requesting an order compelling the Department to run the sentences concurrently. The trial court subsequently issued an order of indigency, in which it ordered the Department to place a lien on petitioner's inmate trust account in the amount of $280 (a $255 filing fee plus a $25 partial payment setup fee) and to withdraw and forward money maintained in the account towards payment of the lien. Petitioner filed a Motion for Reconsideration of Order of Indigency and for Return of Court Costs and Fees, requesting that the trial court reconsider its determination that section 57.085 applied to the proceeding and seeking the return of all costs and fees collected from him and that the lien be removed from his inmate trust account. The trial court denied the motion. Ultimately, the trial court dismissed petitioner's mandamus petition as moot because the Department restructured his sentences to run concurrently, which changed his tentative release date from April 22, 2013, to December 18, 2008, before the trial court ruled on the petition. This proceeding followed.
Although petitioner seeks certiorari review of the order of indigency, he could have sought review of the order on plenary appeal from the trial court's final order dismissing his mandamus petition. See Cox v. Crosby, 31 Fla. L. Weekly D310, *1, ___ So.2d ___, ___, 2006 WL 176681 (Fla. 1st DCA Jan. 26, 2006) (granting the appellant's motion for review of order of indigency and reversing the order to the extent that it imposed a lien on his inmate trust account in an appeal from the trial court's order denying his mandamus petition); Banks v. State, 916 So.2d 35, 35 (Fla. 1st DCA 2005) (holding that an interlocutory order granting indigency status and imposing a lien on a prisoner's trust account for payment of court costs and fees is not an immediately appealable order and dismissing the appeal without prejudice to the appellant's right to seek review of the order imposing the lien upon entry of a final, appealable order); Baldwin v. Crosby, 905 So.2d 250, 251 (Fla. 1st DCA 2005) (concluding that the petitioner's proper remedy was to file a motion in the trial court seeking to remove the lien on his inmate trust account, secure a ruling, and, if necessary, raise the issue when appellate review of a final order in the proceedings below was sought); Cason v. Crosby, 892 So.2d 536, 536-37 (Fla. 1st DCA 2005) (reviewing both the circuit court's order dismissing mandamus petition and its order of indigency and vacating the order of indigency to the extent that it imposed a lien on the appellant's inmate trust account); see also Green v. Moore, 777 So.2d 425, 426 (Fla. 1st DCA 2000) (holding that although this Court's review of a circuit court's order regarding a prisoner disciplinary proceeding is properly by certiorari where the circuit court reviewed the Department's decision on the merits, where the circuit court proceeding is concluded on grounds other than the merits, the order may be appealed). Thus, petitioner has failed to demonstrate that the order of indigency will cause irreparable harm that could not have been remedied on plenary appeal, as is required to demonstrate an entitlement *50 to certiorari relief. See City of Jacksonville v. Rodriguez, 851 So.2d 280, 281 (Fla. 1st DCA 2003). However, because we must treat the cause as if the proper remedy were sought, see Fla. R.App. P. 9.040(c), and the instant petition was filed within thirty days after the entry of the trial court's order dismissing petitioner's mandamus petition, see Fla. R.App. P. 9.110(b), we sua sponte treat the petition as an appeal from that order.
Section 57.085(5), Florida Statutes (2004), provides that when a prisoner is found to be indigent, the court shall order the prisoner to make monthly payments of at least twenty percent of the balance of the prisoner's trust account as payment of court costs and fees and that when such payment is ordered, the Department shall place a lien on the inmate's trust account for the full amount of court costs and fees and withdraw money maintained in the account and forward it, when the balance exceeds $10, to the appropriate clerk of court until the prisoner's court costs and fees are paid in full. However, section 57.085(10), Florida Statutes (2004), exempts "collateral criminal proceedings" from the scope of section 57.085. In Schmidt, the supreme court held that an action challenging the forfeiture of a portion of a prisoner's previously earned gain time constitutes a collateral criminal proceeding because the end result is the same: the inmate's time in prison is directly affected. 878 So.2d at 367. Thus, the supreme court concluded that section 57.085 was inapplicable to such proceedings, which are instead governed by the general indigency statute, section 57.081. Id. at 367 n. 7. Pursuant to Schmidt, a mandamus petition alleging, as petitioner's did, that the Department miscalculated an inmate's tentative release date has been held to constitute a collateral criminal proceeding. See Small v. Crosby, 877 So.2d 911, 911 (Fla. 4th DCA 2004).
In Cason, upon which petitioner relies, the appellant sought review of both the trial court's dismissal of his mandamus petition and its order of indigency finding the appellant unable to pay the appellate filing fee but placing a lien on his inmate trust account. 892 So.2d at 537. Because the action was a collateral criminal proceeding, it was exempt from section 57.085 and instead governed by section 57.081. Id. We noted that unlike section 57.085, section 57.081 does not specifically state that a lien may be placed on a prisoner's trust account to collect filing fees, that where the Legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally, and that although the Legislature could have amended section 57.081 to provide for collection of filing fees upon an indigent person's future ability to pay when section 57.085 was enacted and collateral criminal proceedings were exempted from its reach, it had not done so. Id. Thus, we concluded that the provision authorizing the imposition of a lien on inmate trust accounts does not apply to indigency candidates under section 57.081. Id. Because there was no statutory authority for the imposition of the lien and because a lien may only be imposed by contract or by operation of law, we vacated the circuit court's order of indigency to the extent that it imposed the lien on the appellant's inmate trust account. Id. at 537-38.
Based on the foregoing authorities, petitioner's action for mandamus relief was a collateral criminal proceeding because it challenged the Department's calculation of his sentences as consecutive rather than concurrent, which resulted in an erroneous tentative release date and, thus, directly *51 affected his time in prison. Therefore, section 57.081, rather than section 57.085, was applicable in petitioner's mandamus proceeding. As in Cason, the trial court in this case lacked statutory authority to order that the Department impose a lien upon petitioner's inmate trust account and withdraw and forward money from the account to be paid towards the lien.
Accordingly, we REVERSE the order of indigency to the extent that it orders the Department to impose a lien on petitioner's inmate trust account and to withdraw and forward money maintained in the account as provided in section 57.085 and REMAND the cause for further proceedings consistent with this opinion.
BARFIELD, VAN NORTWICK, and LEWIS, JJ., concur.