935 So.2d 81 (2006)
James TERRY, Petitioner,
v.
James R. McDONOUGH, Secretary of the Department of Corrections, Respondent.
No. 1D05-5825.
District Court of Appeal of Florida, First District.
August 4, 2006.
James Terry, pro se, Petitioner.
Rosa Carson, General Counsel of the Department of Corrections, Charlie Crist, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
By petition for writ of certiorari addressed to the Order Denying Petitioner's Complaint for Writ of Mandamus and Order Denying Supplement Petition for Modification of Clerk's Certificate of Indigence, James Terry seeks removal of a lien placed on his inmate trust account. This court has jurisdiction to review the final order of the trial court pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B).[*]See Higueras v. Crosby, 924 So.2d 18, 19 (Fla. 1st DCA 2005) (explaining that a "petitioner has an adequate *82 remedy by raising" a challenge to an order imposing a lien on an inmate trust account "on appeal from a final order in the circuit court case"). We quash the order in part.
In Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003), the Florida Supreme Court held that a challenge, such as the one in this case, to a disciplinary report which results in the loss of gain time is a "collateral criminal proceeding" excluded from the prisoner indigency statute (section 57.085, Florida Statutes). Id. at 367. In Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005), this court explained that, as a consequence, no lien is authorized on an inmate account when the action involves the loss of gain time. Id. at 537. The Department of Corrections argues that, due to recent changes to sections 28.246(4) and 57.082(5), Florida Statutes, liens on inmate accounts are now authorized. However, this argument was rejected by this court in Wagner v. McDonough, 927 So.2d 216, 217 (Fla. 1st DCA 2006).
Accordingly, the order under review is quashed insofar as the order upholds the lien, and the case is remanded with directions that the trial court order the Department of Corrections to dissolve the lien and direct reimbursement of any funds that have been withdrawn to satisfy the lien.
Reversed and remanded.
ERVIN, BENTON, and BROWNING, JJ., concur.
NOTES
[*] Review of the indigency order by certiorari is proper because the whole case is before the court on review of a final order of the lower tribunal. See Flowers v. McDonough, 932 So.2d 617, 617 (Fla. 1st DCA 2006) (reviewing by certiorari a final order of the trial court denying petition for writ of mandamus on the merits and removing a lien imposed on the petitioner's inmate account); McCaskill v. McDonough, 933 So.2d 650, 650 (Fla. 1st DCA 2006) (same). However, when the case concludes in the lower tribunal on grounds other than the merits, review is proper by appeal of the order concluding the case. See Lopez v. McDonough, No. 1D05-4433, 935 So.2d 47, 2006 WL 2056418 (Fla. 1st DCA July 26, 2006) (explaining that when the lower court dismissed the petitioner's petition for writ of mandamus because the issue was moot, review of an indigency order in the case was properly obtained by appealing the order dismissing the petitioner's mandamus petition); see also Green v. Moore, 777 So.2d 425, 426 (Fla. 1st DCA 2000) (explaining that "review of a circuit court order regarding a prisoner disciplinary matter [i]s properly by certiorari;" however, when "the circuit court proceeding is concluded on grounds other than the merits," "the proper method to review the circuit court's decision" is by appeal, rather than certiorari).