938 So.2d 595 (2006)
NAPOLEON REDDICK, Petitioner,
v.
JAMES R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
Case No. 1D05-5044.
District Court of Appeal of Florida, First District.
Opinion filed September 27, 2006.
Napoleon Reddick, pro se, Petitioner.
Charlie Crist, Attorney General; Carrie R. McNair and Sean F. Callaghan, Assistant Attorneys General, Tallahassee, for Respondent.
PER CURIAM.
After losing 90 days of future gain-time as a consequence of a prison disciplinary proceeding, Napoleon Reddick sought relief in the circuit court by petition for writ of mandamus. The circuit court denied relief on the merits, and Reddick does not challenge that determination. However, he asserts that his claim constituted a "collateral criminal proceeding" and that the circuit court therefore erred when it declared him indigent but placed a lien on his prison account to cover the court's filing fee pursuant to section 57.085(5), Florida Statutes (2005). See § 57.085(10), Fla. Stat. (2005); Schmidt v. Crusoe, 878 So. 2d 361 (Fla. 2003). In addition, by motion for review pursuant to Florida Rule of Appellate Procedure 9.430, Reddick has challenged the circuit court's order imposing a lien for appellate filing fees.
We agree with Reddick that the circuit court's imposition of these liens was error. See Mohammad v. Crosby, 922 So. 2d 236 (Fla. 1st DCA 2006) (under Schmidt, any challenge to discipline that results in a loss of gain-time is a collateral criminal proceeding). Accordingly, we grant the petition for writ of certiorari to the extent of quashing the circuit court's order imposing a lien to cover the filing fees associated with the petition for writ of mandamus, grant Reddick's motion for review, and vacate the portion of the circuit court's order imposing a lien for appellate filing fees. We further direct the circuit court to ensure the reimbursement of any funds that have been withdrawn from petitioner's account to satisfy the improper lien orders.
ERVIN, BARFIELD, and POLSTON, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.