KAHN, C.J.,
dissenting.
The circuit court erred by finding that section 57.081 would authorize a lien in the present case. See Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005). I would, nevertheless, conclude that the circuit court’s treatment of the lien is harmless error. In his petition, Grayer failed to argue that the disciplinary charge at the heart of the petition directly affected the length of his sentence. Accordingly, pursuant to Schmidt v. Crusoe, 878 So.2d 361, 367 (Fla.2003), I would conclude that the matter at hand is not a criminal collateral matter. Because the matter, as it now stands before us, is not a criminal collateral matter, the petition was subject to section 57.085(5), Florida Statutes, which authorizes liens on inmate accounts. I would, therefore, affirm without prejudice to Grayer’s right to file an amended petition that might satisfy the Schmidt standard, if he can do so.