940 So.2d 592 (2006)
Booker MAYFIELD, Petitioner,
v.
James R. McDONOUGH, Interim Secretary, Department of Corrections and the State of Florida, Respondents.
No. 1D06-1451.
District Court of Appeal of Florida, First District.
October 31, 2006.
Booker Mayfield, pro se, Petitioner.
Charlie Crist, Attorney General, and Shelley L. Marks, Assistant Attorney General, Tallahassee; Rosa Carson, General Counsel, Department of Corrections, Tallahassee, for Respondents.
PER CURIAM.
Petitioner Booker Mayfield brings this petition for writ of certiorari asking this court to quash two orders from the trial court, one denying petitioner's request for writ of mandamus on the merits, and one authorizing the Department of Corrections to place a lien on petitioner's inmate trust account for payment of court costs and filing fees. With respect to the court's order denying the mandamus petition on the merits, we deny certiorari without further comment. For the reasons discussed below, we grant the petition for certiorari to the extent it relates to the order imposing the lien on petitioner's inmate account.
On February 14, 2005, petitioner earned a disciplinary report for his refusal to provide a urine sample when requested by prison officials. At a disciplinary hearing, held March 1, 2005, the disciplinary team found petitioner guilty of the infraction. He was sentenced to 60 days disciplinary confinement and penalized 180 days earned gain time. Petitioner subsequently filed a series of administrative appeals to the Secretary of the Department of Corrections. The first of these appeals was denied on the merits because the Secretary determined that petitioner raised new allegations that were not first tried before the disciplinary team. The second appeal was returned with no action, as untimely made.
Petitioner filed a petition for writ of mandamus on July 14, 2005. On August 1, 2005, the Clerk of Courts filed a Certificate of Indigence and enrolled petitioner in a payment program, requiring him to make periodic payments from his inmate trust account toward the total amount of *593 court costs and fees associated with his petition. Accompanying the Certificate, the trial court entered an order authorizing the Department of Corrections to place a lien on petitioner's inmate trust account. Ultimately, on March 13, 2006, the trial court denied petitioner's request for mandamus. Petitioner subsequently filed this petition for certiorari, asking the court to review both the order denying his mandamus petition, and the order imposing a lien on his inmate account.
With respect to the trial court's order imposing a lien on petitioner's inmate account, petitioner argues that a disciplinary matter which affects an inmate's earned gain time, and thus the length of the inmate's sentence, is a collateral criminal proceeding exempt from the Prisoner Indigency Statute. We agree. See Schmidt v. Crusoe, 878 So.2d 361, 366-367 (Fla.2003); see also Terry v. McDonough, 935 So.2d 81 (Fla. 1st DCA 2006); Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005).
Therefore, we grant the petition for certiorari in part, deny in part, and quash the trial court's order imposing a lien on petitioner's inmate account. Accordingly, we also remand for entry of an order directing the reimbursement of any funds withdrawn from petitioner's inmate account pursuant to the lien.
ERVIN, BARFIELD, and POLSTON, JJ., concur.