ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of Appellee’s motion for rehearing, the motion is granted to the extent that the opinion dated December 19, 2006, is hereby withdrawn and the attached opinion is substituted therefor. In all other respects, the motion is denied.
Appellant, a prisoner, filed grievances after he was disciplined when he pled no contest to charges that he disrespected a prison employee. The grievances were denied. Appellant then appealed directly to the Secretary of the Department of Corrections (DOC). The appeals were returned without action because the DOC determined that the appeals were untimely. Appellant filed another round of appeals with the DOC, arguing therein that the original appeals were timely. The second round of appeals were also returned without action. Appellant then filed in the lower tribunal a petition for writ of mandamus which, in part, sought a declaratory judgment. For this filing, a lien was imposed against Appellant’s trust account pursuant to section 57.085, Florida Statutes.
The trial court denied the petition with prejudice on the basis that Appellant had failed to exhaust his administrative remedies because Appellant did not timely appeal the response to the grievances. Thereafter, Appellant filed a petition for writ of certiorari with this Court, which this Court converted to an appeal pursuant to Green v. Moore, 777 So.2d 425 (Fla. 1st DCA 2000).
Because competent, substantial evidence supports the trial court’s finding that Appellant did not place the administrative appeals into the hands of prison officials until after the time for appeal had expired, we affirm the trial court’s order denying mandamus. We also affirm the imposition of the liens issued on October 27, 2005, December 9, 2005, and May 3, 2006, because Appellant’s petition contained a civil claim piggy-backed onto a gain time claim. *971 Schmidt v. McDonough, 32 Fla. L. Weekly S16, — So.2d -, 2006 WL 3740999 (Fla. Dec. 21, 2006).
AFFIRM.
BROWNING, C.J., KAHN, and DAVIS, JJ., concur.