PER CURIAM.
Petitioner Robert E. Banks brings this petition for writ of certiorari, asking the court to quash a circuit court order dismissing his petition for writ of mandamus. Petitioner also argues that the trial court erred by authorizing the Department of Corrections to place a lien on his inmate account.
We agree that the circuit court erred in placing a lien on petitioner’s inmate trust account. Recent decisions from this court and the Florida Supreme Court have held that any disciplinary matter which affects an inmate’s earned gain time, and thus the length of the inmate’s sentence, is a collateral criminal proceeding exempt from the Prisoner Indigency Statute. See Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003); Terry v. McDonough, 935 So.2d 81 (Fla. 1st DCA 2006); Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005). We otherwise deny the petition without further comment.
Therefore, we grant the petition for cer-tiorari in part, deny in part, and quash the trial court’s order imposing a lien on petitioner’s inmate account. We remand for entry of an order directing the reimbursement of any funds withdrawn from petitioner’s inmate account pursuant to the lien.
BARFIELD, BENTON, and POLSTON, JJ., concur.