955 So.2d 635 (2007)
Charles KEMP, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D06-4279.
District Court of Appeal of Florida, First District.
April 30, 2007.
*636 Charles Kemp, pro se, Appellant.
Bill McCollum, Attorney General, and Chris Korn, Assistant Attorney General, Tallahassee, for Appellee.
ROBERTS, J.
Petitioner Charles Kemp, a state prisoner, seeks a writ of certiorari overturning the circuit court's denial of a petition for writ of mandamus and the imposition of a lien on his prisoner account under section 57.085, Florida Statutes (2006). For the reasons stated below, his petition is denied.
On January 19, 2006, petitioner filed a petition for writ of mandamus challenging the Department of Corrections' (Department) forfeiture of 3133 days of gain time as a consequence of the revocation of petitioner's conditional release. Petitioner contends that only 2202 days of gain time should have been forfeited and that he should have received a credit of 931 days. The circuit court denied the petition for writ of mandamus on August 2, 2006.
On the same date he filed his petition for writ of mandamus, petitioner also filed a "Motion for Order of Indigency for Purposes of Appeal." In this motion, he requested that he be allowed to proceed "pursuant to section 57.081, Fla. Stat. under the authority of Schmidt v. Crusoe, [878 So.2d 361 (Fla.2003) ]." On January 24, 2006, the clerk of the circuit court responded to petitioner with a "Clerk's Response to Action Filed Without Prepayment of Filing Fee." In that response, the clerk recited that petitioner "has requested to proceed in this action without prepayment of court costs and fees pursuant to section 57.085, Florida Statutes," and required petitioner to provide a "Prisoner Affidavit of Indigency." Petitioner filed the required affidavit on March 9, 2006.[1] On March 23, 2006, the clerk filed a Certificate of Indigence "pursuant to 57.085, Florida Statutes." Based on this certificate, the circuit court found petitioner to be indigent under section 57.085 and ordered the Department to place a lien on petitioner's account in the amount of $280.00.
On August 15, 2006, petitioner filed a petition for writ of certiorari challenging the circuit court's denial of his petition for writ of mandamus. In that petition, he seeks to quash the order to impose the lien and the reimbursement of funds removed from his trust account pursuant to the lien. The challenge to computation of his gain time was abandoned.
Prior to the 1996 enactment of section 57.085, prisoners asserting indigency fell under the general indigency statute, section 57.081, Florida Statutes. The general *637 indigency statute provides that persons meeting the indigency requirements are permitted to have their cases heard without payment of the filing fee. See Geffken v. Strickler, 778 So.2d 975 (Fla.2001). In 1996, the legislature enacted section 57.085 to provide that indigent prisoners who file suits will have a lien placed on their prisoner trust accounts to satisfy the filing fee. A provision in section 57.085 provides that the section does not apply to "criminal or collateral criminal" proceedings. The Florida Supreme Court has held that mandamus proceedings regarding the forfeiture or computation of gain time are the functional equivalent of "collateral criminal" proceedings, so that a prisoner bringing such an action is not subject to a lien on his prisoner trust account. Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003).
However, in this case, petitioner did not raise the issue before the circuit court. These determinations of indigency are presented to the circuit courts as a preliminary matter, before an actual case file is opened, and at a time when the circuit court judge may not have the petition for mandamus before him. In this case, one could argue that petitioner acquiesced to the clerk of courts' recharacterization of his indigency petition. It is well settled that an error cannot be complained of in the appellate court if it is not squarely presented to the lower tribunal. See Keech v. Yousef, 815 So.2d 718, 719 (Fla. 5th DCA 2002) citing Farinas v. State, 569 So.2d 425, 429 (Fla.1990). In Schmidt, the prisoner, after being notified that a lien was being imposed, responded to the lower tribunal that "he was not subject to those requirements because his petition was not a civil lawsuit, but rather was a `collateral criminal proceeding.'" Id. at 362. This court recognized the need for a motion requesting relief from the lower tribunal where a section 57.085 lien was erroneously placed on a prisoner trust account in Baldwin v. Crosby, 905 So.2d 250 (Fla. 1st DCA 2005). This court, subsequent to Baldwin, reiterated the need for a proper motion to put the erroneous entry of a section 57.085 lien before the lower tribunal. Lopez v. McDonough, 935 So.2d 47 (Fla. 1st DCA 2006).
PETITION DENIED.
HAWKES and THOMAS, JJ., concur.
NOTES
[1] The affidavit was entitled "Prisoner Affidavit of Indigency (Civil Proceedings F.S. 57.085)."