957 So.2d 94 (2007)
Patricia WHEELER, Appellant,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Appellee.
No. 1D06-1811.
District Court of Appeal of Florida, First District.
May 14, 2007.
*95 Patricia Wheeler, pro se, Appellant.
Bill McCollum, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
In this appeal of an order dismissing a petition for writ of mandamus, appellant challenges the imposition of liens on her inmate trust account. We affirm the order on appeal. As appellant waived the issue below, we affirm the circuit court's imposition of the lien for the payment of court costs and fees incurred in the mandamus proceedings before the circuit court. However, we quash the circuit court's order imposing a lien for costs and fees incurred in these appellate proceedings.
In her petition for writ of mandamus below, appellant challenged the withholding of unearned gain time, rather than the loss of gain time. As appellee properly concedes in light of this Court's recent decisions in this area, appellant's action constituted a collateral criminal proceeding. See Yasir v. McDonough, 31 Fla. L. Weekly D1459, ___ So.2d ___, 2006 WL 1419271 (Fla. 1st DCA May 25, 2006); Cox v. Crosby, 31 Fla. L. Weekly D310, ___ So.2d ___, 2006 WL 176681 (Fla. 1st DCA Jan.26, 2006) review granted by McDonough v. Cox, 924 So.2d 809 (Fla.2006). Accordingly, indigency determinations are to be made under section 57.081, Florida Statutes, which does not contain statutory authority for the imposition of a lien. See Lowery v. McDonough, 940 So.2d 540 (Fla. 1st DCA 2006); Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005). Therefore, the circuit court erred in imposing the appellate lien on appellant's inmate trust account.
Accordingly, we quash the circuit court's order imposing a lien on appellant's inmate trust account for the payment of court costs and fees incurred in these appellate proceedings. We direct the circuit court to order reimbursement of any funds that have been withdrawn from appellant's account to satisfy this improper lien order.
WEBSTER and PADOVANO, JJ., concur.