958 So.2d 1108 (2007)
W.T. PARKER, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D06-4858.
District Court of Appeal of Florida, First District.
June 21, 2007.
W.T. Parker, pro se, Petitioner.
Bill McCollum, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
The petition for writ of certiorari is denied on the merits. We also deny petitioner's request to quash the circuit court's order on indigency for filing the petition for writ of mandamus below. There is nothing in the record to show that petitioner requested relief from that order by filing a proper motion in the circuit court, therefore, petitioner waived the issue. Norman v. Fla. Parole Comm'n, 957 So.2d 697 (Fla. 1st DCA 2007); Kemp v. McDonough, 955 So.2d 635 (Fla. 1st DCA 2007).
However, pursuant to Florida Rule of Appellate Procedure 9.430, we quash the circuit court's order imposing a lien for costs and fees incurred in this appellate proceeding and direct the circuit court to order reimbursement of any funds that have been withdrawn from petitioner's inmate trust account to satisfy the *1109 improper appellate fee lien order. Wheeler v. McDonough, 957 So.2d 94 (Fla. 1st DCA 2007); Reddick v. McDonough, 938 So.2d 595 (Fla. 1st DCA 2006). Because petitioner challenged the loss of gain time, the proceeding below qualified as a "collateral criminal proceeding" under Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003), and there is no authority for imposing a lien under section 57.081, Florida Statutes (2006), the general indigency statute. Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005).
KAHN, LEWIS, and HAWKES, JJ., concur.