963 So.2d 337 (2007)
Jose PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-2487.
District Court of Appeal of Florida, First District.
August 21, 2007.
*338 Jose Perez, pro se.
Bill McCollum, Attorney General, and Sherry Anita Toothman, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
We write to again clarify the application of section 57.085, Florida Statutes. After Appellant's conditional release was revoked, his expiration of sentence date was extended by the amount of time he had served on conditional release. He exhausted his administrative remedies, then filed a petition for writ of mandamus, seeking relief. Upon that filing, the clerk of court directed Appellant either to pay the filing fee or to file an affidavit of indigence, citing section 57.085, Florida Statutes. Appellant argued that section 57.085 did not apply. Nonetheless, Appellant's petition was dismissed for failure to pay the fee or provide the affidavit; the order cited section 57.085 as authority. Appellant filed this appeal. Thereafter, the clerk of the trial court again asked Appellant either to pay a filing fee, or to file information for an affidavit of indigence. Appellant did file such an affidavit, but the trial court nonetheless placed a lien on his account, again citing section 57.085.
We affirm the dismissal of the mandamus petition because Appellant did not file an affidavit of indigency. Although the trial court never informed him of the applicability of section 57.081, Florida Statutes, which does require such an affidavit, Appellant was nonetheless subject to section 57.081's requirements. Because Appellant did not meet those requirements, dismissal was proper.
It appears no original lien was imposed on Appellant for the filing fee; in any event, this Court could not grant relief as to such a lien because Appellant has not preserved any challenge to such a lien. See Kemp v. McDonough, 955 So.2d 635 (Fla. 1st DCA 2007). However, Appellant is entitled to relief from the appellate lien. Appellant's petition challenged his gain-time calculations and so began a collateral criminal proceeding. See Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). Indigency determinations in collateral criminal proceedings *339 are to be made under section 57.081. See Wagner v. McDonough, 927 So.2d 216 (Fla. 1st DCA 2006). Section 57.081 does not contain language authorizing imposition of a lien. See Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005).
Accordingly, we AFFIRM the dismissal of the mandamus petition, REVERSE the imposition of the appellate lien, and REMAND with directions that the circuit court order the Department of Corrections to dissolve the lien and effect reimbursement of any monies already removed from Appellant's account for payment of the lien.
BARFIELD and ROBERTS, JJ., concur.