PER CURIAM.
Appellant’s argument that the circuit court erred in dismissing his extraordinary writ petition for failure to exhaust administrative remedies is without merit and is rejected. But because the underlying action constituted a “collateral criminal proceeding” pursuant to section 57.085(10), Florida Statutes (2006), the circuit court improperly imposed a lien upon appellant’s inmate trust account for payment of court costs and fees. See Cox v. Crosby, 31 Fla. L. Weekly D310, — So.2d -, 2006 WL 176681 (Fla. 1st DCA Jan.26, 2006), rev. granted sub nom., McDonough v. Cox, 924 So.2d 809 (Fla.2006); Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). Appellant preserved this issue by filing in the circuit court a motion to vacate the lien. See Kemp v. McDonough, 955 So.2d 635 (Fla. 1st DCA 2007) (stating that when a lien is erroneously placed on a prison trust account, a motion requesting relief from the lower tribunal must be made in order to preserve the issue for appellate review). We accordingly quash that portion of the circuit court’s April 13, 2006, order imposing a lien as the result of appellant filing his petition. The circuit court should direct the reimbursement of any funds that have been withdrawn from appellant’s inmate account to satisfy the improper lien order.
The appeal is AFFIRMED as to the order by which the circuit court dismissed the petition, but is REVERSED as to the challenge to that portion of the indigency order which imposed a lien.
KAHN, WEBSTER, and ROBERTS, JJ., concur.