968 So.2d 57 (2007)
Robert A. GAITHER, Appellant,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Appellee.
No. 1D06-4516.
District Court of Appeal of Florida, First District.
October 15, 2007.
Rehearing Denied November 20, 2007.
*58 Robert A. Gaither, pro se, Appellant.
Beverly Brewster, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.
HAWKES, J.
Appellant challenges the circuit court's imposition of a lien on his inmate trust account for costs incurred in filing a petition for writ of mandamus. The petition for writ of mandamus challenged the amount of gain-time the Department of Corrections awarded. As the State correctly concedes, Appellant's challenge directly affected the time he would spend in prison. Consequently, this is a collateral criminal proceeding for which a lien is improper. See Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003).
However, Appellant raised the issue in the circuit court by filing a "Petition to Reopen Collateral Criminal Proceeding" seven months after the court entered its order denying Appellant's petition. This court has held that, for a lien challenge to be preserved for appeal, the issue must be properly and timely raised in the circuit court. See Kemp v. McDonough, 955 So.2d 635 (Fla. 1st DCA 2007); Parker v. McDonough, 958 So.2d 1108 (Fla. 1st DCA 2007); Norman v. Fla. Parole Comm'n, 957 So.2d 697 (Fla. 1st DCA 2007).
Because the circuit court proceeding sought review of quasi-judicial action by a lower tribunal (i.e., the Department of Corrections), it was governed by the Florida Rules of Appellate Procedure. See Wilkinson v. McDonough, 960 So.2d 911 (Fla. 1st DCA 2007). Appellant's recourse was to file a motion for rehearing or clarification pursuant to Florida Rule of Appellate Procedure 9.330. Treating Appellant's petition as having been filed according to that rule, it was untimely. Consequently, this court lacks jurisdiction to address the appeal on its merits. The appeal is hereby DISMISSED.
KAHN and PADOVANO, JJ., concur.