982 So.2d 1248 (2008)
David BURRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5348.
District Court of Appeal of Florida, Second District.
May 30, 2008.
David Burris, pro se.
Bill McCollum, Attorney General, and Joy A. Stubbs, Assistant Attorney General, Tallahassee, for Appellee.
CASANUEVA, Judge.
David Burris raises two issues in this appeal. First, Mr. Burris claims that the trial court erred by dismissing his petition for a writ of mandamus. We find no error and affirm. Next, he asserts that the trial court erred by imposing a lien on his inmate trust account. The State concedes, and we agree, that the trial court erred.
Mr. Burris' filing of the petition, which sought to enforce an alleged plea agreement, constitutes a collateral criminal action. See Geffken v. Strickler, 778 So.2d 975, 976 (Fla.2001). Section 57.085(10), Florida Statutes (2006), specifically exempts such actions from the provisions of the Prisoner Indigency Statute authorizing the imposition of liens to pay for court costs. Therefore, we remand with instructions to dissolve the lien and direct that Mr. Burris be reimbursed for any funds improperly removed from his account pursuant to the lien order. See Terry v. McDonough, 935 So.2d 81 (Fla. 1st DCA 2006).
*1249 Affirmed in part, reversed in part, and remanded with instructions.
VILLANTI and LaROSE, JJ., Concur.