HAWKES, J.
■ Appellant challenges a circuit court order denying his motion for relief from final order and motion to reimburse his filing fee. Because Appellant did not timely pursue his claims, we lack jurisdiction over the appeal. Therefore, the appeal is dismissed.
Appellant is an inmate with the Florida Department of Corrections. On August 25, 2003, he filed a petition for writ of mandamus, alleging that the Department of Corrections had unlawfully deprived him of gain time. Finding Appellant to be indigent, the trial court stated the action could proceed without the prepayment of costs, and ordered that a lien be placed on Appellant’s inmate trust account for $81.50 in filing fees. Subsequently, Appellant moved to have the filing fee reimbursed, claiming no fee was required as his action was a collateral criminal proceeding. Ultimately, Appellant’s petition for writ of mandamus was denied and he moved for rehearing.
On December 15, 2004, the trial court issued two orders. The first order denied Appellant’s motion for rehearing, holding that Appellant had improperly used the motion to reargue the merits of the case. The second order vacated the trial court’s finding that Appellant was indigent and lifted the lien from his trust account. The order did not state that the $81.50 taken from Appellant’s account should be reimbursed.
In a timely fashion, Appellant appealed the trial court’s orders, arguing that a rehearing was necessary and the trial court should have ordered the filing fee be reimbursed. However, at some time not specified in the record, Appellant voluntarily dismissed the appeal.
The next filings regarding the trial court’s orders were not made until July 25, 2005.[1] On that date, Appellant submitted two motions. First, in a motion for relief from final order, Appellant requested that the trial court vacate its order denying his motion for rehearing. Second, Appellant moved to compel the trial court clerk to reimburse his filing fee of $81.50, claiming that such funds had still not been credited to his account. The trial court denied these motions and this appeal followed.
In short, we lack subject matter jurisdiction to evaluate Appellant’s arguments. On December 15, 2004, when the trial court denied the motion for rehearing and lifted the lien on Appellant’s trust account, Appellant had three options. He could accept the decisions, file a motion for clarification or rehearing, or appeal. See Fla. R.App. P. 9.110(b); 9.330(a). Appellant chose to file an appeal. However, the appeal was voluntarily dismissed, and Appellant did not raise his claims again until July 25, 2005. Appellant waited seven months, from December 2004 to July 2005, to contest the trial court’s denial of his motion for rehearing and failure to order reimbursement. By failing to act in a timely manner, Appellant waived his opportunity to challenge the trial court’s actions.
Since Appellant’s filings were untimely, this Court does not have jurisdiction over his claims. When an inmate has failed to act timely, he cannot invoke this Court’s jurisdiction merely by filing a new pleading in the trial court. See Gaither v. McDonough, 968 So.2d 57, 58 (Fla. 1st *1125 DCA 2007) (finding a lack of appellate jurisdiction when an inmate waited seven months to challenge the imposition of a lien on his trust account). If so, there would be no time limits on inmates, which would be contrary to the Rules of Procedure. See Fla. R.App. P. 9.420(a)(2) (stating a document filed by a pro se inmate must be placed in the hands of a prison official on or before the last day for filing); Thompson v. State, 761 So.2d 324, 326 (Fla.2000); Quilling v. Price, 894 So.2d 1061, 1063 (Fla. 5th DCA 2005).
For the foregoing reason, this Court lacks jurisdiction to address the appeal on its merits. The appeal is DISMISSED.
BENTON and VAN NORTWICK, JJ., concur.

. Appellant claims to have filed a petition for all writs in this Court following the voluntary dismissal of his initial appeal. Since the petition is not included in the record, it is impossible to know what arguments it contained. This Court denied the petition. See Hale v. Crosby, 921 So.2d 9 (Fla. 1st DCA 2005).