PER CURIAM.
Petitioner seeks review of an order of the circuit court pursuant to Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998). We grant the petition in part.
Petitioner filed a petition for writ of mandamus in the circuit court challenging a prison disciplinary action in which petitioner lost 60 days of gain time. The circuit court found petitioner to be indigent and imposed a lien on his inmate trust account to satisfy the filing fee. The proceeding in the circuit court qualified as a “collateral criminal proceeding” under Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). In such a collateral criminal proceeding, the prisoner indigency statute of section 58.085, Florida Statutes, does not apply, but the general indigency statute, section 58.081, would apply. In Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005), this court held that section 57.081 does not provide for the imposition of a lien. Accordingly, the circuit court erred when it declined to quash the improper lien.
The petition for writ of certiorari is denied as to the challenge to the prison disciplinary report. The petition is granted in part and the improper lien order is hereby quashed.
PETITION GRANTED IN PART and DENIED IN PART.
WOLF, DAVIS, and PADOVANO, JJ., concur.