ON MOTION FOR REHEARING EN BANC

PER CURIAM.
The Department of Corrections filed a Motion for Rehearing En Banc of our original opinion in this case. We deny the motion. On our own motion and for the purpose of clarification, we withdraw our previous opinion and substitute the following in its place.
Kevin Owens, Appellant, seeks review of a final order dismissing four petitions for writ of mandamus challenging the outcomes of prison disciplinary proceedings. Because the circuit court disposed of the petitions on procedural grounds, our review is by appeal. See Green v. Moore, 777 So.2d 425, 426 (Fla. 1st DCA 2000).
The circuit court dismissed Appellant’s petitions for failure to exhaust his administrative remedies by complying with the Department’s rule requiring inmates to attach responses to their formal grievances when appealing to the Secretary of the Department concerning the handling of such grievances. See Fla. Admin. Code R. 33-103.007(5)(a). This dismissal was erroneous because a disputed issue of fact exists concerning whether Department officials timely provided the responses to *800 Appellant, and the court did not take competent, substantial evidence to reach its determination that the door to review in the circuit court is closed. Cf. Austin v. McDonough, 948 So.2d 970, 970 (Fla. 1st DCA 2007) (affirming a circuit court’s determination that administrative remedies were not exhausted where competent, substantial evidence supported the circuit court’s finding that the appellant did not timely place his administrative appeals into the hands of prison officials). Accordingly, we reverse and remand for the circuit court to either take evidence to resolve the disputed issue concerning Appellant’s exhaustion of administrative remedies as a prerequisite to review of the Department’s actions or to proceed to appellate review of the underlying responses from the Secretary.
REVERSED and REMANDED.
BENTON, RAY, and MAKAR, JJ., concur.