PER CURIAM.
Clifford Grooms asserts the petition for writ of mandamus he filed in circuit court constituted a collateral criminal proceeding exempt , from the lien requirement of section 57.085(5), Florida Statutes (2013), because it, was a challenge to a disciplinary report that made him ineligible to receive •certain gain-time. See § 57.085(10), Fla. *481 Stat. (2013); see also Fla. Admin. Code R. 33-601.101(6)(a) (providing “[a]n inmate is not eligible to receive incentive gain time for the month in which there is an infrac-, tion of the rules of the Department or the laws of the State for which he 'is found guilty”). On the authority of Muhammad v. Crosby, 922 So.2d 236, 239 (Fla. 1st DCA 2006), we quash “the circuit court’s order imposing a lien to cover the filing fees associated with the petition for writ of mandamus.” Reddick v. McDonough, 938 So.2d 595, 596 (Fla. 1st DCA 2006).
Even where prison disciplinary proceedings do not result in the loss of earned gain-time, we have held mandamus petitions challenging discipline that adversely affects the ability to earn gain-time constitute collateral criminal proceedings. See Wright v. McDonough, 058 So.2d 1132, 1133 (Fla. 1st DCA 2007) (citing Schmidt v. Crusoe, 878 So.2d 861 (Fla.2003)); see also Thomas v. Dap’t of Corr., 159 So.3d 291, 292 (Fla. 1st DCA 2015) (“We agree with the Appellant that the portion of his. petition that challenged his inability to earn gain time for one month was a collateral criminal proceeding, which was exempt from the lien requirement of section 57.085, Florida Statutes.”).
Lien quashed.
BENTON and MARSTILLER, JJ., concur.
ROWE, J., concurs in result.