927 So.2d 216 (2006)
Jeffrey WAGNER, Appellant,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Appellee.
No. 1D05-4075.
District Court of Appeal of Florida, First District.
May 2, 2006.
*217 Jeffrey Wagner, pro se, appellant.
Charlie Crist, Attorney General, and Warren James Pearson, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Upon consideration of appellant's response to the court's September 27, 2005, order to show cause, the court has determined that the lower tribunal's July 22, 2005, order is not an appealable order. See Banks v. State, 916 So.2d 35 (Fla. 1st DCA 2005). Accordingly, the appeal is hereby dismissed for lack of jurisdiction.
Upon filing of the notice of appeal in this cause, the circuit court assessed certain costs and fees associated with the appeal and directed the Florida Department of Corrections to impose a lien against appellant's inmate trust account to recover those costs and fees. Appellant moves for review of that order and we have jurisdiction to act on the motion under the provisions of Florida Rule of Appellate Procedure 9.430(a).
In his circuit court mandamus action, appellant challenges a disciplinary action taken against him by the Florida Department of Corrections which resulted in forfeiture of gain time. Thus, it is a collateral criminal proceeding in which indigency determinations are to be made in accordance with section 57.081, Florida Statutes. Schmidt v. Crusoe, 878 So.2d 361 (Fla. 2003). In Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005), this court noted that section 57.081, unlike section 57.085, does not contain statutory language authorizing imposition of a lien and found that a lien in this circumstance was not permissible. Appellee opposes the motion and relies upon certain recent amendments to sections 57.082(5) and 28.246(4) to support its theory that a lien can now be utilized to recover fees and costs in an action governed by section 57.081. We disagree. These statutes concern the participation by a party to circuit court litigation in a "payment plan" to recoup the funds. A payment plan is to be distinguished from a lien, which is a qualified right or proprietary interest which may be exercised over the property of another. City of Sanford v. McClelland, 121 Fla. 253, 163 So. 513 (1935). The Florida Legislature has demonstrated in section 57.085(5) its awareness of the language necessary to authorize imposition of a lien, and such language does not appear in section 57.081 or the other statutes relied upon by appellee in opposing appellant's motion for review. We therefore grant the motion and quash *218 that portion of the circuit court's order of September 8, 2005, which authorized the Department of Corrections to impose a lien against appellant's trust account.
APPEAL DISMISSED; MOTION FOR REVIEW GRANTED.
KAHN, C.J., WEBSTER and POLSTON, JJ., concur.