943 So.2d 816 (2006)
Julio C. COLLAZO, Appellant,
v.
James R. McDONOUGH, Secretary Florida Department of Corrections, Appellee.
No. 1D06-0583.
District Court of Appeal of Florida, First District.
October 18, 2006.
Rehearing Denied December 8, 2006.
*817 Julio C. Collazo, pro se, Appellant.
Charlie J. Christ, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the circuit court's order denying his petition for writ of mandamus. On appeal, appellant, an inmate with the Florida Department of Corrections ("DOC"), raises three arguments. First, he contends that the circuit court erred by applying a certiorari standard of review to appellant's claim that DOC failed to follow its own administrative rules  specifically, rule 33-601.309(4), Florida Administrative Code. Second, he argues that the circuit court erred in not reaching the merits of appellant's argument that Rule 33-601.314(6-1), Florida Administrative Code (disobeying a written or verbal order), is unconstitutionally over-broad. Finally, appellant challenges the propriety of the circuit court order placing a lien on appellant's inmate trust account as a condition of his going forward with his petition for writ of mandamus. We affirm, without comment, appellant's first and second arguments on appeal. However, as acknowledged by appellee in its Answer Brief, the circuit court did err in issuing an order imposing a lien on appellant's inmate trust account. Accordingly, to the extent that the trial court's order calls for the imposition of a lien on appellant's prison trust account, it is reversed.
This Court has held that a "circuit court mandamus action" challenging "a disciplinary action taken against [an inmate] by the Florida Department of Corrections which result[s] in [a] forfeiture of gain time . . . is a collateral criminal proceeding in which indigency determinations are to be made in accordance with section 57.081, Florida Statutes." Wagner v. McDonough, 927 So.2d 216, 217 (Fla. 1st DCA 2006). Appellant's petition for writ of mandamus challenged the disciplinary action taken against appellant by DOC which resulted in appellant's forfeiture of 30 days of gain-time. Under these circumstances, appellant's petition qualifies as a collateral criminal proceeding and his indigency determination should have been made pursuant to section 57.081, Florida Statutes.
The circuit court order incorrectly relies upon section 57.085, Florida Statutes, to justify the imposition of a lien on appellant's prison trust account. In Wagner, this Court specifically held that "section 57.081, unlike section 57.085, does not contain statutory language authorizing imposition of a lien" and that a lien in this circumstance (i.e., a collateral criminal proceeding) was not permissible. Id. In light of the lack of statutory authority for imposing a lien, case law indicating that such a lien is unauthorized, and appellee's concession on the point the circuit court's May 6, 2005 order is hereby reversed to the extent that it imposes a lien on appellant's inmate trust account. The matter is hereby remanded to the circuit court for entry *818 of an order removing the lien from appellant's prisoner trust account.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
ALLEN, BENTON, and HAWKES, JJ., concur.