PER CURIAM.
By petition for writ of certiorari, Michael D. Walton, an inmate in the custody of the Florida Department of Corrections (DOC), challenges an order (1) denying his petition for a writ mandamus by'which he sought relief from disciplinary action taken against him by DOC, and (2) denying his petition to remove a lien on his prison trust account. We deny the petition as to the denial of mandamus relief for the disciplinary action without further comment, but grant the petition as to the lien.
Petitioner argues that the circuit court erred when it denied petitioner’s petition to remove a lien placed on his prison trust account for the purpose of satisfying court costs. While the circuit court acknowledged that a lien could not be placed on a petitioner’s account on the authority of section 57.081, Florida Statutes, because petitioner’s circuit court proceeding challenged DOC action which caused a loss of gain-time and hence affected petitioner’s sentence, see Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003), the circuit court held that a lien could be imposed on the authority of general indigency statutes, sections 57.081 and 27.52, Florida Statutes (2004). However, this court has rejected the argument that a lien may be placed on a prisoner’s trust account by operation of the general indigency statute. Wagner v. McDonough, 927 So.2d 216, 217 (Fla. 1st DCA 2006). We note that the clerk of the circuit court certified that appellant was indigent pursuant to sections 57.081 and 27.52. See Schmidt v. McDonough, 951 So.2d 797 (Fla.2006).
Accordingly, the petition for certiorari is granted in part and denied in part, the cause is remanded, and the order establishing a lien on petitioner’s inmate trust account is quashed with the direction that *70 any monies collected pursuant to that lien be restored to petitioner.
BROWNING, C.J., WOLF, and VAN NORTWICK, JJ„ concur.