PER CURIAM.
Jonathan Babij was the subject of a disciplinary proceeding which resulted in the forfeiture of gain time by the Florida Department of Corrections. He unsuccessfully challenged that decision in circuit court and has timely invoked this court’s certiorari jurisdiction for review of the circuit court’s decision. His challenge is limited to the circuit court’s placement of a lien on his inmate trust account to recover the circuit court fees and costs. He argues that his case is a collateral criminal *1193 proceeding under Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003) and therefore his indi-gency is to be determined under section 57.081, Florida Statutes, which does not authorize a lien on the inmate’s trust account. See Wagner v. McDonough, 927 So.2d 216 (Fla. 1st DCA 2006); Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005). The respondent correctly concedes error. We therefore grant the certiorari petition and remand to the circuit court with directions to vacate its order imposing the lien and direct reimbursement of any funds collected pursuant to the improper lien to petitioner.
PETITION GRANTED.
BROWNING, C.J., LEWIS and HAWKES, JJ., concur.