983 So.2d 660 (2008)
Willie Lee WILLIAMS, Appellant,
v.
Walter A. McNEIL, Secretary, Florida Department of Corrections, Appellee.
No. 1D07-6461.
District Court of Appeal of Florida, First District.
May 27, 2008.
*661 Willie Lee Williams, pro se, Appellant.
Kathleen Von Hoene, General Counsel, and Maximillian J. Changus, Assistant General Counsel, Department of Corrections, and Bill McCollum, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant brought this appeal seeking review of an "Order Striking Motion for Reimbursement," entered November 14, 2007. Subsequently, the appellant filed a motion to review a new lien order entered on February 13, 2008, imposed for the filing fees associated with bringing this appeal. We dismiss this appeal for lack of jurisdiction but we grant the appellant's motion.
The order on appeal recited that the final order denying mandamus relief in this case had been entered on May 5, 2000. The appellant did not appeal that final order. In 2005, the appellant filed a motion for relief seeking to reopen the case to challenge an interlocutory indigency order that had resulted in the appellant being charged filing fees. This motion was denied and the appeal from that denial was dismissed. Williams v. Crosby, 918 So.2d 383 (Fla. 1st DCA 2006). In November 2007, the appellant filed a Motion for Reimbursement seeking the return of the filing fees he had paid as a result of the interlocutory indigency order. The trial court entered the instant order determining that there was no procedural mechanism to revive the court's jurisdiction over seven years after the entry of the final order and more than two years after the denial of relief from the final order. Therefore, the motion was stricken as an unauthorized motion over which the court had no jurisdiction. This Court lacks jurisdiction because the Motion for Reimbursement was essentially a motion for rehearing of the 2005 order denying relief. Lewis v. State, 928 So.2d 384 (Fla. 1st DCA 2006). Further, an order striking a motion for rehearing is not appealable. Adlington v. Florida Dep't of Corrections, 954 So.2d 42 (Fla. 1st DCA 2007). However, because the appellant's initial petition for writ of mandamus challenged the forfeiture of gain time, this was a collateral criminal proceeding for which the Prisoner Indigency Statute was not applicable. Schmidt v. Crusoe, 878 So.2d 361 (Fla. 2003). Therefore, we grant the motion for review, quash the lower court's February 13, 2008, order imposing the lien for appeal service charges, and remand with instructions for the reimbursement of all monies removed from the prisoner's trust account pursuant to the lien. Wagner v. McDonough, 927 So.2d 216 (Fla. 1st DCA 2006).
*662 Accordingly, this appeal is dismissed, but the motion for review is granted and this case is remanded with directions.
ALLEN, WOLF, and POLSTON, JJ., concur.