IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROY S. WHITED,

     Appellant,

v.                                   CASE NO. 1D13-4673

FLORIDA COMMISSION ON
OFFENDER REVIEW,

     Appellee.

_____/

Opinion filed December 2, 2014.

An appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Roy S. Whited, pro se, Appellant.

Sarah J. Rumph, General Counsel, Florida Commission on Offender Review, Tallahassee, for Appellee.

ORDER ON MOTION TO ENFORCE MANDATE

PER CURIAM.

      Whited moves to enforce this court's mandate, which instructed the lower court to remove a lien from his prisoner trust account. He argues that on remand, the circuit court again imposed a lien on his prisoner trust account. We grant the motion for the reasons discussed below.

<u>Background</u>

Whited filed a petition for writ of mandamus in the circuit court challenging the calculation of his Presumptive Parole Release Date. The circuit court found him to be indigent, but ordered the Department of Corrections to place a lien on his prisoner trust account for court costs and fees, citing section 57.085(5), Florida Statutes. Whited filed a motion challenging the imposition of the lien, arguing this action was a collateral criminal proceeding for which a lien may not be imposed. The court did not rule on the motion, but denied in part and dismissed in part the mandamus petition. Whited filed a notice of appeal with the circuit court. The court entered another order to place a lien on appellant's account for appellate costs and fees.

On appeal, Whited argued the court erred in imposing a lien on his inmate trust account because his challenge to his Presumptive Parole Release Date was a collateral criminal proceeding, for which subsection 57.085(10) precludes a lien. He relied on <u>Florida Parole Commission v. Spaziano</u>, in which the supreme court held:

> [I]nmate challenges, regardless of their nature, to the Florida Parole Commission's determination of an inmate's presumptive parole release date constitute collateral criminal proceedings for the purposes of section 57.085(10). Accordingly, when such an action is brought, section 57.085(10) precludes imposition of a lien on the inmate's trust account to recover applicable filing fees.

48 So. 3d 714, 724 (Fla. 2010).

2

This court reversed the circuit court, holding:

> We find the circuit court erred in imposing liens on appellant's inmate trust account for court costs and fees for filing his petition for writ of mandamus and subsequent appeal. *See Fla. Parole Comm'n. v. Spaziano,* 48 So.3d 714, 724 (Fla.2010); and § 57.085(10), Fla. Stat. Thus, we reverse the circuit court's orders imposing the liens, and we remand with instructions that the trial court direct that appellant be reimbursed for any funds that were removed from his account. On all other issues, we affirm.

Whited v. Florida Comm'n on Offender Review, 145 So. 3d 951, 951 (Fla. 1st DCA 2014).

## Order on Remand

On remand, the circuit court ordered that the lien on Whited's inmate trust account be released and any funds that had been removed be reimbursed. The court also stated that because Whited's challenge was a collateral criminal proceeding:

> The Clerk of Court erroneously processed the petitioner's indigency paperwork under Section 57.085, Florida Statutes, when it should have been processed under Section 57.082, Florida Statutes.
>
> The court notes that, although collateral criminal proceedings are exempt from the lien requirements of Section 57.085, Florida Statutes, such cases are "not free from costs." Schmidt v. McDonough, 951 So. 2d 797, 803 (Fla. 2006). The Petitioner incurred this court's filing fee by initiating these proceedings, and this order does not absolve him of his obligation to pay. Section 28.246(4), Florida Statutes, *requires* the Clerk of Court to enter into "a payment plan with an individual who the court determines is indigent for costs," and that payment plan might result in a lien imposed by the Department of Corrections.
>
> This order shall be forwarded to the Clerk of Court for appropriate action in accordance with it.

3

<u>Analysis</u>

Whited argues that section 28.246(4), Florida Statutes, has no bearing on this case, and the circuit court's order attempts to circumvent this court's mandate which clearly stated that appellant was exempt from filing fees. As discussed below, the trial court correctly held that appellant was still subject to a payment plan for court costs under section 57.082, and potentially a payment plan under section 28.246; however, the court erred in finding a lien could again be placed on the inmate trust account and that appellant incurred a filing fee.[1]

The general indigency statute, section 57.081(1), Florida Statutes, states that "[a]ny indigent person, except a prisoner as defined in section 57.085 . . . . is not required to <u>prepay</u> costs" and "is not required to <u>pay</u> filing fees." (Emphasis added). In order to pay costs for which prepayment was waived, section 57.082(6), Florida Statutes, states that indigent persons shall be entered into a payment plan as provided in section 28.246. However, "[f]iling fees waived from payment under s. 57.081 may not be included in the calculation related to a payment plan established under this section." <u>Id.</u> In contrast the prisoner indigency statute, section 57.085, "defer[s]" rather than waives "the prepayment of costs and fees." § 57.085(2), Fla.

---

[1]  While the trial court's order does not directly impose a lien, we find that it is in contravention of our previously issued opinion that a lien may not be imposed for costs and fees associated with this type of proceeding.  We, therefore, can review the order by means of a motion to enforce mandate. <u>See</u> <u>Vega v. McDonough</u>, 956 So. 2d 1205, 1206 (Fla. 1st DCA 2007).

Stat. It requires inmates to make an initial partial payment if possible, and it requires that "the Department of Corrections or local detention facility shall place a lien on the inmate's trust account for the full amount of the court costs and fees." § 57.085(4)-(5), Fla. Stat. Except, subsection 57.085(10) states "[t]his section does not apply to a criminal proceeding or a collateral criminal proceeding."

In Schmidt v. McDonough, 951 So. 2d 797 (Fla. 2006), on which the circuit court here relied, the supreme court considered which statutory provision applies when a prisoner brings a criminal or collateral criminal proceeding that is exempt from section 57.085. The supreme court began by noting that "[w]hile some prisoner filings, such as habeas petitions, generally may be filed free of filing fees and other court costs, many prisoner filings are subject to such costs." Id. at 799. "Both the general indigency statute, section 57.081, and the prisoner indigency statute, section 57.085, apply only to those filings that are *not* free of costs." Id. The court explained that "section 57.085 . . . was intended to supplant the general indigency statute for most purposes where prisoners' civil filings are concerned." Id. at 800. However, if "'(section 57.085) does not apply . . . the general indigency statute (section 57.081) does.'" Id. at 802 (quoting Schmidt v. Crusoe, 878 So. 2d 361, 367 n.7 (Fla. 2003)). Thus, if a prisoner files a collateral criminal proceeding that is exempt from section 57.085, the prisoner "'must prove his inability to pay by filing an affidavit . . . according to section 57.081.'" Id.

5

The Schmidt court acknowledged that section 57.081 states it applies to "'[a]ny indigent person, except a prisoner.'" Id. (quoting § 57.081(1), Fla. Stat.). However, the court explained that "language in section 57.081 excepting prisoners' filings applies only to those filings that are otherwise subject to the prepayment and lien requirements of section 57.085," which is not the case where a prisoner files a criminal or collateral criminal proceeding. Id. Thus, the court concluded that "the filing of a mandamus petition," which was filed in that case, "is not free of costs, and that although such petitions are exempt from the prepayment and lien requirements of the prisoner indigency statute, section 57.085, they continue to be subject to the certification requirements of the general indigency statute, section 57.081." Id. at 803.[2]

The Spaziano court similarly explained that prisoners who file collateral criminal proceedings are subject to the costs and fee provisions of section 57.081:

> Prison inmates are not completely exempt from the payment of court costs and fees for certain legal actions in Florida. The general indigency statute, section 57.081, Florida Statutes (2009), provides a general waiver of prepayment of court costs and fees for persons who are determined to be indigent, but expressly does not apply to prisoners who file or intervene in civil proceedings. *See* § 57.081(1), Fla. Stat. (2009). Under section 57.085, known as the "Prisoner Indigency Statute," prepayment of court costs is deferred rather than waived, meaning that an indigent prisoner, if he or she is able, must make an initial partial payment of court costs and fees. A lien is then

---

[2] The court also held that if a prisoner filed a "mixed claim" containing both civil and collateral criminal claims, that petition would be subject to the lien and prepayment requirements of section 57.085. Schmidt, 951 So. 2d at 803.

placed on that inmate's trust account for payment of the remaining costs and fees in monthly installments. *See* § 57.085(4)-(5), Fla. Stat. Importantly, the act expressly exempts criminal proceedings and collateral criminal proceedings from application of the payment and lien provisions of the statute. *See* § 57.085(10), Fla. Stat. (2009).

Spaziano, 48 So. 3d at 717-18. As noted above, the Spaziano court concluded that a challenge to a presumptive parole release date was a collateral criminal proceeding, from which the Legislature has exempted the lien provision of section 57.085. Id. at 724.

Pursuant to Schmidt and Spaziano, the trial court here did not err in finding that appellant's filing "should have been processed under Section 57.082," which could result in a payment plan under section 28.246. Schmidt clearly held that if "'(section 57.085) does not apply . . . the general indigency statute (section 57.081) does.'" Schmidt, 951 So. 2d at 802 (quoting Crusoe, 878 So. 2d at 367 n.7). Further, section 57.082(6) imposes a payment plan to recover the costs for which prepayment is waived under section 57.081.

However, the circuit court erred in concluding that the payment plan required by section 28.246 "might result in a lien imposed by the Department of Corrections." The Schmidt court explained that a collateral criminal claim "is exempt from the prepayment and lien requirements of the prisoner indigency statute." Schmidt, 951 So. 2d at 803 (emphasis added). This court has specifically rejected the argument that a payment plan required by sections 57.081 and 28.246

7

could result in a lien on an inmate trust account. In <u>Wagner v. McDonough</u>, 927 So. 2d 216, 217 (Fla. 1st DCA 2006), this court explained that sections 57.081 and 28.246 "concern . . . a 'payment plan'" which "is to be distinguished from a lien, which is a qualified right or proprietary interest which may be exercised over the property of another." Because "section 57.081, unlike section 57.085, does not contain statutory language authorizing imposition of a lien," such a lien cannot be imposed. <u>Id.</u> <u>See also</u> <u>Walton v. McDonough</u>, 957 So. 2d 69 (Fla. 1st DCA 2007) ("[T]his court has rejected the argument that a lien may be placed on a prisoner's trust account by operation of the general indigency statute.").

Moreover, the circuit court here erred in finding that appellant "incurred [the circuit] court's filing fee by initiating these proceedings." Section 57.081 waives the filing fee. <u>See</u> § 57.081(1), Fla. Stat. ("Any indigent person, . . . . is not required to prepay costs . . . and is not required to pay filing fees . . . ."). Section 57.082 specifies that "[f]iling fees waived from payment under s. 57.081 may not be included in the calculation related to a payment plan . . . ." § 57.082(6), Fla. Stat. <u>See also</u> <u>Ledger v. City of St. Petersburg</u>, 135 So. 3d 496, 498 (Fla. 2d DCA 2014) ("[U]nder section 57.081, an individual who is found to be indigent will not be required to pay the filing fee and such a fee may not be included in the calculation related to a payment plan."). Thus, appellant's filing fee was waived.

Based on the foregoing, it seems it is appropriate for this court to issue an order enforcing its mandate. This court's mandate required the circuit court to remove the lien from appellant's prisoner trust account because he was exempt from the lien provision of section 57.085. Whited, 145 So. 3d 951. Although the lower court partially complied by ordering that the lien be removed and appellant be reimbursed, the court also ruled that a lien could again be imposed for costs and fees. That order was in contravention of this court's mandate and was legally erroneous. Thus, we enter an order enforcing the mandate and striking that portion of the order allowing the imposition of a lien as well as that portion of the order holding the petitioner responsible for payment of a filing fee. See Formor v. State, 923 So. 2d 563, 564 (Fla. 5th DCA 2006) ("An appellate court has inherent authority to enforce its own mandate." (citing Brunner Enter., Inc. v. Dep't of Revenue, 452 So. 2d 550, 552 (Fla. 1984)).

LEWIS, C.J., WOLF and WETHERELL, JJ., CONCUR.

9